BEN B. WOOD v. MAX L. ROEDER.

FILED FEBRUARY 3, 1897. No. 6867.

1. Fraud in Misrepresenting Foreign Law. As a general rule, a misrepresentation which embodies matter of law is one upon which a party cannot rely, as all parties are presumed or bound to know the law; but where it is as to the law of another state, or its effect, it is not within the rule and may be fraudulent; and ignorance of the law may be pleaded by the one to whom the misrepresentation is made.

2. ———: SALE OF COUNTY WARRANTS. Where a warrant issued by a county of one state is purchased in another state in reliance upon a misrepresentation in respect to the statute of limitations as applicable to the warrant, and on presentation and demand payment of the warrant is refused on the ground that it is not a claim which can be enforced, there arises a cause of action in favor of the purchaser and against the party who sold the warrant and made the misrepresentation.

3. ———: ———. The evidence held sufficient to sustain the verdict rendered.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.   *Affirmed.*

*George E. Pritchett*, for plaintiff in error.

*Winfield S. Strawn, contra.*

HARRISON, J.

The defendant in error instituted this action in the district court of Douglas county to recover of plaintiff in error, alleging in substance in his petition that in the course of certain business transactions had with the plaintiff on or about October 6, 1887, he purchased a county warrant, or order, purported to have been issued by the proper officers of Lake county, Colorado, in the express sum of $454.01 and interest thereon at ten per centum per annum from August 18, 1880, the date of its presentation for payment to the county treasurer, and its nonpayment for want of funds; that the defendant in error gave for the warrant its face value at the time of his purchase, viz., $778.80; that to induce the purchase of said warrant the plaintiff in error "falsely and fraudulently represented to the plaintiff that said warrant was the existing legal and binding obligation of the said Lake county, in the state of Colorado; and, referring to the value of the said warrant, also verbally stated that the said warrant was good and would certainly be paid in full by the county issuing the same, only that said county was a little slow; that as plaintiff was necessarily making some investments, the said warrant would be a good and safe investment for the plaintiff.

"(3.) That having no other knowledge of said warrant than that derived from defendant's said representations, and confiding in and wholly relying on the correctness thereof and believing the same to be true, plaintiff took the said warrant of said defendant and gave as consideration therefor the sum of $778.80, which then and there passed from plaintiff to defendant.

"(4.) That said warrant was not a legal existing and binding obligation of the said Lake county; that the said warrant was not good and would not then, or for a long time prior thereto, be paid by the said county, and was not a safe investment; but was then and for a long time prior thereto had been fully barred by the statute of limitations of the state of Colorado, and the obligation of said county to pay the same repudiated on that account, and that payment of the said warrant had been refused —all of which the defendant at the time of making such false representations well knew."

In the answer the plaintiff in error admitted the ownership of the warrant as stated in the petition, and alleged that the defendant in error, as agent for a life insurance company, solicited the plaintiff in error to insure his life with such company, which plaintiff in error did on condition that the company would accept the said county warrant as a part of the consideration for the insurance, and that the company, by its agent, the defendant in error, acceded to the condition and received the warrant and $190.94 in cash, and issued to plaintiff in error a policy of life insurance; and further:

"That some time after said bargain or trade had been consummated and executed, the plaintiff tendered back to this defendant said warrant and demanded the face value thereof and interest of this defendant, in cash, with which demand this defendant refused to comply, but proposed to the plaintiff that if said company, his principal, or himself, was dissatisfied with the trade, said warrant and money should be returned to him, and he would deliver up said policy of insurance, and that such proposition was rejected by the plaintiff.

"And further answering said substituted petition this defendant denies the same and each and every allegation thereof, except as hereinbefore admitted."

In the reply it was admitted that the warrant was received by the defendant in error as a portion of the premium on a policy of insurance issued to plaintiff in error

by the National Insurance Company of Montpelier, Vermont, and that the balance of the premium was paid in cash, and it was alleged that the company had nothing to do with the part of the transaction which involved the warrant, that being a matter of trade between plaintiff and defendant in error personally, and known to plaintiff in error to be so; that there was a refusal to accept a return of the policy and to give up the warrant and cash therefor received, for the reason that at the date of the offer the policy had been in force two years, of which plaintiff in error had received the benefit. After the trial the defendant in error, on leave granted so to do, amended the second paragraph of the petition to conform to the proof, by adding thereto the following: "And verbally guaranteed that said warrant was good, and would be paid by the county issuing it, and that defendant agreed he would make it good." There was a trial of the issues to a jury and verdict and judgment for defendant in error. The case is presented here for review.

It is insisted that the evidence was insufficient to sustain the verdict. The evidence establishes that at the time of the transactions between the parties out of which the cause of action arose, any action on the warrant for the recovery of its amount was barred by the statute of limitations of Colorado, where it was executed. The evidence, although conflicting, was sufficient to support findings that such representations were made as were alleged in the petition and for the purpose therein stated, that the defendant in error relied on them, and that he, and not the insurance company, purchased the warrant. As a general rule, a misrepresentation which involves a statement of matters of law is one upon which a party cannot rely, as all parties are bound to know the law. (*Burt v. Bowles*, 69 Ind., 1; *Upton v. Tribilcock*, 91 U. S., 45.) But this is not a universal rule and has its exceptions. (Bigelow, Fraud, p. 9.) A misrepresentation which includes the opinion of a law of another state is without the rule, and may be fraudulent; and ignorance of the law may be

pleaded by the party to whom the misrepresentations were made. (*King v. Doolittle*, 1 Head [Tenn.], 77.) The statement made by plaintiff in error was one of fact and law. It embraced the element of the operation of the law of Colorado in regard to the limitation of actions on the remedy for nonpayment of the warrant, the subject-matter of the contract between the parties; and whether or not he was possessed of knowledge, the effect was the same. It was not necessary to either plead or prove *scienter*. It was proven that the defendant in error, after he became possessed of the warrant, presented or caused it to be presented for payment, which was refused. This, being true, gave him a right of action to recover what he had paid for the warrant. It had proved to be without value,—was worthless. It was not an existing binding obligation of Lake county, Colorado, at the time of the sale to defendant in error, but was then barred by the statute of limitations; hence the right to this action accrued. (*Brown v. Rice*, 26 Gratt. [Va.], 467.) There was sufficient evidence to support findings of all the elements of an action such as this and which must be present to warrant a verdict, hence the verdict must be allowed to stand.

The points raised and presented by exceptions to certain designated instructions did not differ materially from those we have hereinbefore noticed and discussed, and what has been said is equally forcible to these as to the ones discussed, from which it follows that the objections to the instructions must be overruled. The judgment of the district court is

AFFIRMED.