# Travelers Protective Association of America *v.* Smith.

[No. 22,093. Filed December 9, 1914. Rehearing denied March 23, 1915.]

1. INSURANCE.— *Contracts.— Construction.— Law Controlling.—* A benefit certificate issued by a beneficiary society whose constitution provides that application for membership must be forwarded to its home office in Missouri, from which, on approval of the application, a certificate shall be issued, and that all benefits are payable at such home office, is·a Missouri contract; hence, in determining the rights of the parties thereunder, full faith and credit must be given to the laws of Missouri and to the construction placed thereon by the courts of that state. p. 68.

2. INSURANCE.—*Fraud in Settlement With Beneficiary.—Complaint. —Sufficiency.—*In an action to recover for alleged fraud on the beneficiary in making settlement under a benefit certificate issued by defendant under circumstances making the certificate a Missouri contract, a complaint alleging that defendant was a mutual assessment life and accident association, that the insured shot himself to death while mentally irresponsible, that defendant represented to the beneficiary that the death was within the ·provision of the certificate and by-laws providing for the payment of $100 in case of death by suicide, and the beneficiary relying upon and believing such representations accepted settlement under such provisions, together with allegations as to the laws of Missouri showing that suicide was no defense under policies issued by accident insurance companies, was sufficient as against the objection that no facts were pleaded showing fraud. p. 68.

3. FRAUD.—*False Representations.—Laws of Foreign State.—*A representation as to the laws of a state, other than the one in which the person to whom the representation is made is domiciled, is a representation of fact, and, if false, may constitute fraud. p. 69.

4. INSURANCE.—*Fraud.—Findings.—*In an action to recover for alleged fraud practiced on plaintiff in making settlement under a certificate of insurance issued by defendant, findings by the court to the effect that defendant was an assessment accident insurance company of the state of Missouri, that the laws of that state prohibit the avoidance of insurance contracts on the ground of suicide, that the death of insured, though caused by his own act, was under the circumstances accidental, and that defendant know-

ingly concealed from plaintiff the law prohibiting the avoidance of the contract on the ground of suicide, and caused her to rely upon and believe its representation that settlement must be made under a by-law providing for the payment of $100 in case of suicidal death, etc., were not sustained by the evidence, where the statutes of Missouri and the judicial construction of same pleaded by defendant, and introduced in evidence, showed that defendant had been judicially declared to be incorporated as a fraternal benefit society and that the provisions of the law relative to suicide clauses were not applicable to such societies. pp. 74, 77, 79.

5.   INSURANCE.—*Foreign Companies.—Admission to State.—Estoppel to Deny Character of Company.*—The act of a fraternal benefit society in coming into the State under the provisions of the law relative to the admission of foreign assessment insurance companies does not amount to a declaration that it is an assessment company, and does not change its character as a fraternal society, especially in view of the fact that §4764 Burns 1914, Acts 1897 p. 318, expressly excepts fraternal societies from the provisions of the law relating to assessment companies; and even if its character were thereby changed, that fact would have no controlling effect upon the rights of the parties under a policy matured by the death of insured prior to the time the society filed its agreement under the assessment law.   p. 77.

6.   APPEAL.—*Review.—Admissions at Trial.*—In an action for alleged fraud practiced on plaintiff in making settlement under a certificate of insurance issued by defendant, on the ground that defendant settled under the terms of a suicide clause while knowing that the law of its domicile, and under which it was alleged to be operating, prohibited the avoidance of liability on the ground of suicide, admissions made at the trial that insured died in the manner alleged in the complaint are of no avail to plaintiff, where the findings relating to the law under which defendant was operating were not sustained by the evidence, and there was no finding as to the character of insured's death.   p. 78.

7.   INSURANCE.—*Action.—Suicide.—Accidental Death.—Findings.— Review.*—A finding that defendant insurance company "knew that decedent's insanity was the cause of his suicidal death", and "knew that his death was in truth and in fact an accidental suicide", is uncertain and is not a finding of the character of the death, since under such a finding suicide fights as strongly against accidental death as the latter does against suicide.   p. 79.

From Johnson Circuit Court; *Wm. E. Deupree,* Judge.

Action by Ida M. Smith against the Travelers Protective

Association of America. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*John B. Elam, James W. Fesler, Harvey J. Elam* and *E. A. McAlpin,* for appellant.

*J. F. Cowern, G. A. Deitch, Charles A. Weathers* and *L. Ert Slack,* for appellee.

MYERS, J.—This is an action for alleged fraud in a settlement on a certificate of membership in appellant's company held by appellee, by a complaint originally in three paragraphs. There was a special finding of facts, with conclusions of law stated. There were exceptions to the conclusions of law and over motion for a new trial, judgment was rendered for appellee. The errors assigned and not waived present the questions of the sufficiency of each paragraph of complaint, error in the conclusions of law, and in overruling the motion for a new trial.

The material allegations of the second paragraph, the first paragraph having been dismissed, are that the appellant is a mutual assessment accident association, organized and existing under and by virtue of the laws of the state of Missouri, and by reason of full compliance with the laws of the State of Indiana relating to assessment life and accident associations, has been licensed to do business in the State of Indiana as an assessment life association; that appellant, on April 21, 1901, issued its certificate No. 52,316 to Charles W. Smith, of Dillsboro, Indiana, wherein it is certified, that Smith was a member of the appellant association, and entitled to all the benefits accruing from such membership under the provisions of the constitution and by-laws of the association, and promised to pay such benefits to the appellee, wife of said Smith, in case of death. A copy of the certificate of membership is filed with the complaint as a part thereof, and marked exhibit A. That the application for membership was sent to the appellant, and

accepted by it at its home office in the city of St. Louis, state of Missouri; that the certificate of membership herein mentioned was issued by the appellant at its home office in that state, and that all benefits payable under said certificate were and are payable from the home office of the appellant in the city of St. Louis, as is provided in and by the contract between the appellant and its members; that it is provided in §2, Art. 9 of appellant's constitution as follows:

"Five thousand dollars shall be paid to the beneficiary named in the certificate of any deceased member in case of death by accident. In case of accident to a member, as provided in §3, Art. 9, he shall be entitled to indemnity as follows: $5,000 in case of loss of both legs or both arms; $5,000 in case of loss of one arm and one leg; $2,500 in case of loss of one hand or one foot; $5,000 in case of loss of both eyes; $1,250 in case of loss of one eye; provided such death or loss shall occur within three calendar months after the accident which caused it, and such accident being within the limitations and conditions of the benefit certificate. Provided further, that $100 shall be paid the beneficiary where the death is the result of suicide."

A copy of the constitution and by-laws is filed with the complaint as a part thereof, marked exhibit B. That Smith came to his death on September 28, 1905, by accidental means, to wit, that for some time prior to September 28, 1905, Smith had been in failing health and that by reason thereof became diseased and afflicted in mind; that the disease and affliction of the mind continued to grow worse until September 28, 1905, when the disease and affliction of mind had so far progressed that he was unable to comprehend the consequences of his actions and the moral character of his deeds; that on September 28, 1905, while in such diseased condition of mind, and unable by reason of the diseased condition of mind to comprehend the effects of his action and the moral character of his deeds, while handling a revolver which was loaded with powder and bullet, he discharged the revolver thereby inflicting a wound in his body from which

wound he died on said date; that notice of his death was given to the appellant, and, that on October 14, 1905, formal proofs of his death were given appellant upon blanks furnished by it; that the appellant claimed that the death of Smith was due to suicide, and paid to the appellee the sum of $100, claiming that this sum was all that the appellee was entitled to under and by virtue of the certificate of membership, constitution and by-laws of the appellant association; that being at the time confined to her bed by reason of sickness, and relying upon the statements made by the appellant that the sum of $100 was all that was due her under the terms and conditions of the certificate of membership, the constitution and by-laws of the appellant, she accepted the $100 and executed to the appellant a release of all other claims; that the statements made by appellant to her to induce her to execute the release and to accept the $100 in full settlement of her claims against the appellant, were made with the false and fraudulent intent of defrauding the appellee out of the sum of $5,000 to which she was entitled under the terms and conditions of the by-laws of the appellant, in this to wit, that the appellant is an assessment life and accident association under the laws of the state of Missouri as aforesaid; that it has membership in many states of the United States, including the states of Indiana, Illinois and Missouri; that out of a total membership of 35,000 about 6,000 members reside in the state of Missouri; that it is provided by §7896 Rev. Stat. (Mo.) 1899, as follows: "In all suits upon policies of insurance on life hereafter issued by any company doing business in this state, to a citizen of this state, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void." That the Supreme Court of the state of Missouri, in the case of *Logan* v. *Fidelity &*

*Casualty Co.* (1898), 146 Mo. 114, 47 S. W. 948, decided November 15, 1898, construed the section, and held that its provisions apply to policies issued by accident insurance companies; that the section of the revised statutes is still in force and effect in the state of Missouri, and was in full force and effect at the time the certificate of membership herein mentioned was issued, and at the time of the death of Smith; that the provisions of the section and the decision above quoted construing the same were fraudulently concealed from her by the appellant, and that she had no knowledge of such provision and construction, at the time she executed the release; that the St. Louis Court of Appeals, an appellate court of the state of Missouri, decided in the case of *Kellar* v. *Travelers Ins. Co.* (1894), 58 Mo. App. 557, that any provision in an accident insurance policy reducing the death benefit on account of suicide, is void; and that by the decision of the Supreme Court of the United States in *Whitfield* v. *Aetna Life Ins. Co.* (1907), 205 U. S. 489, 27 Sup. Ct. 578, 51 L. Ed. 895, construing said section of the statutes of Missouri, it is also held that any provision in an accident policy, reducing benefits in case of suicide, not contemplated at the time of taking out the policy, is void; that the appellant falsely, and fraudulently concealed from the appellee the fact of such decisions, although the appellant well knew the construction the courts of Missouri had placed on the section, and the appellee being ignorant in matters of law, and not versed in the decisions of the courts, had no knowledge of the facts and holding by the Missouri courts and the Supreme Court of the United States, but that believing the assertions and statements of the appellant that the provision of its by-laws was valid, and that she was entitled only to the sum of $100 she executed the release as aforesaid; that the appellant is, and ought to be estopped to claim that the statute of Missouri is not applicable to the certificate of membership issued to Smith for the reason, to wit, that the appellant is a mutual assessment life

and accident insurance company, and that being such, all its members are entitled to like privileges and benefits where they hold like certificates; that appellant had issued but one form of certificate, to wit, the form of certificate herein mentioned; that such form of certificate is held by members in Missouri as elsewhere; that under the terms of the Missouri statute, and the decisions of the courts construing the same, the provision of the constitution and by-laws of the appellant limiting its liability to $100 in case of suicide, is null and void as to all its membership in Missouri, and that being so null and void as to all its members in Missouri it must be held and should be held to estop appellant from setting up the same against its membership outside of Missouri, for the reason to wit, that to permit appellant to set up the same against its membership outside the state of Missouri would be to permit appellant to discriminate against its members outside the state of Missouri, in favor of its members in the state of Missouri, and to require the members outside of Missouri to pay assessments for the payment of death claims in case of suicide, to the beneficiaries of its Missouri members, whilst relieving all the Missouri members from like contribution to beneficiaries outside the state of Missouri, all of which is contrary to the purposes of a purely mutual life and accident association, of which appellant is one; that Smith, during his lifetime, performed all the provisions and conditions of the contract on his part to be performed, and violated none of the conditions thereof, and that this appellee has performed all the terms and conditions of the contract on her part to be performed; that on June 14, 1907, she made demand in writing upon appellant for the balance due her under the certificate of membership, and that on August 1, 1907, appellant refused her demand, and denied all liability to appellee; that by reason of the false and fraudulent conduct of the appellant as aforesaid, she has been damaged in the sum of $7,000, all of which is

due and unpaid. Wherefore the appellee demands judgment for $7,000, together with the costs of this action and all other proper relief.

Exhibit A, referred to in the complaint, so far as material, is as follows:

"This * * * certifies that Charles W. Smith, of Dillsboro, Indiana, is a member of the Travelers' Protective Association of America, and is entitled to all the benefits accruing from such membership, under the provisions of the constitution and by-laws of this association, subject to the conditions printed on the back hereof, and the application for membership, all of which are made a part of this certificate. Benefits in case of death payable to Ida M. Smith, his wife. In witness whereof, this association has caused this certificate to be signed by its president and secretary, under the seal of the association, at St. Louis, Missouri, this 21st day of April, A. D., 1901."

In the rules referred to in the certificate, it is provided, among other things, that members agree that the association shall not be liable "in case of injuries fatal or otherwise inflicted upon himself while sane or insane". The constitution is also made an exhibit, and by its provisions "$100 shall be paid the beneficiary where the death is the result of suicide".

The material parts of the third paragraph of complaint, are, that appellant is a mutual assessment life and accident association, organized and existing under and by virtue of the laws of the state of Missouri, and by reason of full compliance with the laws of the state of Indiana, relating to assessment life and accident associations, has been licensed to do business in the State of Indiana, as an assessment life association; that in Art. 8 of the articles of the incorporation of the appellant association, it is provided as follows: "The association shall have full power to make all by-laws and regulations necessary to carry out the objects hereinbefore set forth, and that are not inconsistent with these articles, and the laws of the state of Missouri." That a

copy of said articles of association is filed herewith and made
a part hereof, marked exhibit B; that it is provided in §4,
Art. 1 of the constitution of the appellant association as
follows: "The principle upon which this association shall
operate, is that of a national association, duly incorporated
as set forth in the articles of association, and pursuant to
the laws of Missouri. State divisions may be created in the
several states and territories of the Union, in the manner
provided, by the issuance of a charter by the national asso-
ciation, and said divisions may be divided into posts. All
benefit certificates shall be issued to members by the na-
tional association, through its board of directors, and all
liabilities coming under such certificate in pursuance to this
constitution and by-laws, shall be paid by the national
association." Then follow the same allegations as in the
second paragraph, as to the execution of the certificate, death
of Mr. Smith, proof of death, the provisions of §2, Art. 9,
of the constitution, the representations by which she was
induced to execute a release for $100, the section, §7896 Rev.
Stat. (Mo.) 1899, and the decisions in the two Missouri cases,
and the United States Supreme Court case cited, and that
the statute was in force at the time of the death of Mr.
Smith; the concealment of the construction put on the stat-
ute by those cases, and her ignorance of such construction,
by which she was induced to accept $100, and alleges, "The
plaintiff further says that the provisions of said section and
the decision above quoted construing the same were fraudu-
lently concealed from her by the defendant, and that she
had no knowledge of such provision and construction at the
time she executed the release; that under the terms of the
said Missouri statute, and the decisions of the courts con-
struing the same, and under provisions of article 8 of the
articles of association of the defendant, and of section 4 of
article 1 of the constitution of defendant, the provisions of
said constitution and by-laws of the defendant limiting its
liability to $100 in case of suicide, are null and void, as to

all its membership, and the defendant is and ought to be estopped by reason of said provision in its articles of association to affirm the validity of said provision of its constitution and by-laws, said provision of the constitution and by-laws being inconsistent with the law of the state of Missouri herein set forth," with other allegations of demand, etc., as in the second paragraph.

It is alleged in each paragraph that Mr. Smith was a resident of Indiana at the time the contract was executed, and it is not shown that his residence was thereafter changed to Missouri.

The constitution of the association provides, and it is alleged in each paragraph of complaint that application for membership must be forwarded to the national secretary at the nome office in St. Louis, Missouri, who shall refer it to the national directors, and if approved, a certificate is issued by the national secretary, and all benefits under the certificate are payable there. It is then clearly a Missouri contract. *New York Life Ins. Co.* v. *Babcock* (1898), 104 Ga. 67, 30 S. E. 273, 69 Am. St. 134, 42 L. R. A. 88; 1 Cooley, Briefs on Ins. 649, 650, 655. This being true, we are required to give full faith and credit to the laws of Missouri, and the construction put by its courts on the statutes of that state. *Hancock Nat. Bank* v. *Farnum* (1900), 176 U. S. 640, 20 Sup. Ct. 506, 44 L. Ed. 619.

The sufficiency of each paragraph of complaint is assailed on the ground that no facts are pleaded showing fraud, and because it affirmatively appears by the complaint that Mr. Smith was a resident of Indiana, and that the clause of the statute of Missouri pleaded discloses that only citizens of Missouri may avail themselves of the statute. We think, however, that the complaint must be held sufficient, because it is alleged in the second paragraph that appellant is a mutual assessment accident association, and in the third that it is a mutual assessment life and accident association, coupled with the allegation that the Mis-

souri courts had held that under the statutes of the state,
suicide was not a defense under policies issued by accident
insurance companies.    On the question of fraudulent

3. representations, it may be conceded that there is no
fraud in a répresentation as to the law of the state
of the domicile of the party to whom the representation is
made, but the rule is different as to the law of a foreign
state.    In such case, a representation of the law is a repre-
sentation of fact.    *Bethell* v. *Bethell* (1884), 92 Ind. 318;
*Schneider* v. *Schneider* (1904), 125 Iowa 1, 98 N. W. 159;
*Windram* v. *French* (1890), 151 Mass. 547, 24 N. E. 914,
8 L. R. A. 750; *Wood* v. *Roeder* (1897), 50 Neb. 476, 70
N. W. 21; *Van Slochem* v. *Villard* (1913), 207 N. Y. 587,
101 N. E. 467.    The complaint was sufficient.

Appellant answered in three paragraphs, the first a gen-
eral denial, the second that the contract was an Indiana
contract, and in no wise affected by the statutes of Mis-
souri, and under the law of Indiana suicide is a valid de-
fense, and that Smith committed suicide, and alleges pay-
ment of $100 under the terms of the contract, and a written
release.    The third paragraph alleges that Mr. Smith met
his death by suicide; that payment of $100 and release under
the terms of the contract was made and had without fraud,
and that the statutes and decisions of Missouri are imma-
terial in the case; that appellant is not a mutual assessment
company, but a fraternal beneficial association, organized
under the laws of Missouri, setting out the history of the
statutes of Missouri authorizing mutual assessment insur-
ance companies, first enacted in 1887, and alleging that ap-
pellant was not organized under those statutes, but was
organized under the provisions of a statute of Missouri
enacted in 1879, as a fraternal benefit association not for
profit, and by the statute ''such fraternal benefit societies
shall not in any way be subject to the insurance laws of the
State, or be under the control or supervision of the insur-
ance department of the State, nor pay any corporation or

other tax.'' That appellant was incorporated in 1890 by
the adjudication of the circuit court of appeals of St.
Louis, that the appellant was correctly organized as a fra-
ternal accident association; that the law so remained until
1897, which, after describing the powers and duties of mem-
bers, declared that such association shall be governed by
this act, and shall be exempt from the provisions of the in-
surance laws of the state, and shall not pay a corporation
or other tax, and no law hereafter passed shall apply to
them, unless they be expressly designated herein. In 1906
another act was passed providing that ''associations of com-
mercial travelers and those employing commercial travelers
incorporated as fraternal benefit associations or societies
shall in all respects be subject to the provisions of this
act''. The Fraternal Benefit Association Act, §1423 Rev.
Stat. (Mo.) 1906. That the act of 1897 was in force dur-
ing the time of the transactions involved, and that the St.
Louis Court of Appeals, an appellate court of Missouri, on
October 23, 1894, in the case of *Theobald* v. *Supreme Lodge,
etc.* (1894), 59 Mo. App. 87, held that the statute set forth
in the complaint forbidding the defense of suicide did not
apply to fraternal benefit companies, and that the same court
on March 1, 1902, held that under the act of 1897 the suicide
clause of the general statute relied on by plaintiff did not
forbid the defense of suicide in the case of fraternal benefit
associations, and that the suicide clause referred to, and
relied on by appellee, is a section of the law applying to
insurance companies organized for profit, and that the sui-
cide clause in the policy is valid under the laws of Missouri
and would be enforced there; that the decisions and stat-
utes of Missouri relied on by appellee are not material in
this case, and it was under no duty to disclose such statutes
or decisions; that it occupied no confidential relation toward
appellee, and settled the claim in the ordinary course of busi-
ness, without fraud or unfair dealing, and paid all that

was due under the contract. To these affirmative answers a reply in general denial was filed.

The findings follow the complaint in the main, and among other findings, it is found that appellant is a "mutual assessment accident insurance company," organized under the laws of Missouri, June 7, 1890, and authorized to do business in all the states and territories, with its principal office in St. Louis, Missouri, where the application was made, the first year's premium paid, and the application accepted, and the certificate mailed to Mr. Smith in Indiana; that the organization maintained local posts of which all of its members were members, had a system of ritualistic work, and representative form of government, but there is no evidence that appellant used any ritual, or employed any ritualistic work in connection with its posts and business, and the membership is limited to persons engaged as traveling salesmen; that whenever the indemnity or benefit fund was reduced to less than $5,000 the board of directors had authority to levy an assessment not to exceed $2 per member, and the failure to pay the assessment within thirty days after its levying, forfeits membership.

Section 2, Art. 9, of the constitution, as set out in the complaint is found, as is also §7896 Rev. Stat. (Mo.) 1899, and the construction put on that section under the two Missouri cases, alleged in the complaint, and that they were the law of that state, and applied to the case; that prior to the year 1907 appellant had not applied to the auditor of state of Indiana to do business in this State, and had not prior thereto been licensed so to do, but did so in 1907 pursuant to §§4739-4764 Burns 1914, Acts 1897 p. 318, but during the years 1904 and 1905 did business in this State in the same line of business that it had done prior thereto.

The issuing of the certificate to Mr. Smith, with the text of the rule referred to in the certificate, and endorsed on the reverse thereof, is in part as follows: "The member

agrees that the following rules shall be observed: That the Travelers' Protective Association of America shall not be liable * * * in case of injuries fatal or otherwise, inflicted upon himself, while sane or insane, * * * or in case of death or disability when caused wholly or in part by any bodily, or mental infirmity or disease. * * * "

On October 14, 1905, one Chance, a son-in-law of the appellee addressed and mailed to the appellant, at appellee's request, proofs of death of Mr. Smith in which the cause of death was given as suicide, with a letter to the effect that they were not advised as to whether the company was liable, and requesting the company to do what it could. This letter appellant answered October 25, enclosing a copy of the constitution and by-laws, and calling attention to the suicide clause of the contract, being §2, p. 54 of the constitution and by-laws, and enclosing a draft for $100 payable to the order of appellee, which she endorsed and received the money on, and in consideration of the payment executed a release and discharge of all liability on account of the suicide of Mr. Smith. The transaction by which the money was paid and received and the release executed has never been in any manner rescinded or set aside. That at the time appellant paid appellee the $100, upon receipt of the letter of October 25, 1905, she read it and §2, p. 54 of the constitution and by-laws, and did then and there wholly believe, and rely upon said written statement in the letter, and did wholly believe and rely on the proviso in the section being applicable and enforceable as constituting the only liability against appellant, and while wholly believing and relying upon the contents of the letter aforesaid, and relying upon the section of the constitution aforesaid, she accepted and received the $100, and executed the release set forth above. That at the time appellant sent the letter aforesaid and enclosed therein the $100, the appellant knew that the proviso in the section did not apply to the death of Smith, and was, in fact, wholly null and void and of no effect under the laws of the state

of Missouri, and appellee herein did not know that the proviso was inapplicable, null and void as to the death of her husband. That appellee lived in the State of Indiana at the time the certificate of membership was issued, and up to the time of this trial, and had no knowledge of the law of Missouri, or of the construction placed thereon by the supreme court of Missouri and the St. Louis Court of Appeals of Missouri, at the time she accepted the $100 from appellant in settlement of her claim under said certificate. And appellant herein gave appellee no information concerning the laws of Missouri, nor of its liability under the certificate of membership other than what is contained in the letter of October 25, 1905. That at the time appellee accepted the $100 from appellant and executed the release of her claim, as aforesaid, against appellant, an actual value of her claim was $5,000, but that upon the receipt of the letter aforesaid, appellee was, by reason of the fact that the company directed her attention to §2, p. 54 of the constitution of appellant, and upon giving her attention to the section as directed by appellant, and because appellant had stated that in accordance with the section they gave to her a check for $100, led to believe that all the liability of the company to her by reason of the certificate of membership aforesaid issued to her husband that she was entitled only to the amount enclosed in the letter, and that appellant herein, by reason of the statements in the letter, and on account of calling appellee's attention to the section of the constitution aforesaid, and by stating that in accordance with said section it enclosed for her, payable to her, a check for $100, did purposely mislead appellee, and induce her to execute the release and to accept the $100 in full settlement of her claim. And appellant did conceal from appellee the fact, that under the laws and decisions of the courts of the state of Missouri, and under the authority granted by the auditor of state of the State of Indiana when the company was admitted to do business in this State, and

because the company had done business in this State prior
to its legal and lawful admission into the State in like man-
ner as after it was duly admitted, it, appellant in this case,
was liable to appellee to the extent of $5,000 for accidental
death of her husband. That appellant at the time well
knew that Smith had left a note saying that he had felt
his mind leaving him for some time, and that he was afraid
of insanity, and that his insanity was the cause of his sui-
cidal death, and did well know that his death was in truth
and in fact an accidental suicide. That appellee in this
case has suffered damages to the extent of $4,900.

Upon the foregoing facts the court concludes as a matter
of law, that appellee in this action is entitled to recover from
and of appellant in this action in the sum of $4,900, and
that appellee should have judgment against appellant for
the sum of $4,900. Appellant excepted to each of the find-
ings, and to the conclusion of law. The court thereupon en-
tered judgment for $4,900 and costs against appellant.

Appellant filed a motion for a new trial, and among
others assigned each of the following reasons: That the
decision of the court is not sustained by sufficient evidence,
is contrary to law, and that the findings of fact are not sus-
tained by sufficient evidence, and are contrary to law.

The controlling findings in the case are without any evi-
dence to support them. The various statutes of Missouri
pleaded by appellant in the third paragraph of an-
4.   swer were introduced in evidence, and they estab-
lished beyond any question, when taken with the deci-
sions of the courts of last resort of Missouri, that appellant
is not an accident insurance company, or an assessment in-
surance company, or both kinds of an insurance company
combined, but is a fraternal beneficial association, to which
the general law of Missouri respecting the suicide clause,
does not apply, as it has been held to apply since 1897 to
mutual assessment and accident insurance companies, in the
cases referred to in the complaint, and others.

By the act of 1879 (§6950 Rev. Stat. [Mo.] 1909), is defined what are contracts of insurance on the assessment plan. Section 6962 Rev. Stat. (Mo.) 1909 provides that ''Nothing in this article shall be so construed as to impair or to in any manner interfere with any of the rights or privileges of any corporation, association or organization doing a life, or casualty insurance business in this state, under the laws as they now exist; nor as applicable to organizations which are conducted as fraternal benefit societies, on the lodge system, and limit their certificate holders to a particular order or fraternity, or to *fraternal beneficial societies* which provide for the relief and benefit of its members or the families, widows,'' etc. Article 9 of the insurance laws of Missouri (§7109 *et seq.* Rev. Stat. [Mo.] 1909), provides for the incorporation of fraternal beneficiary associations, without profit, and defines them, and under this act, appellant was organized, as the evidence clearly shows, and as the circuit court of St. Louis adjudged in the adjudication of incorporation. By §7109, *supra,* it is provided that ''such association shall be governed by this article, and shall be exempt from the provisions of the insurance laws of this state, and shall not pay a corporation or other tax, and no laws hereafter passed shall apply to them unless they be expressly designated therein.'' The suicide clause of the Missouri statute was general, and applied to all policy or certificate holders from its enactment in 1879 (§5982 Rev. Stat. [Mo.] 1879), until 1899 (Acts 1899 p. 246), when the clause was added confining its provisions ''to a citizen of this State.'' §6945 Rev. Stat. (Mo.) 1909. In the case of *State, ex rel.* v. *Vandiver* (1908), 213 Mo. 187, 111 S. W. 911, 15 Ann. Cas. 283, is given a history of the legislation on the subject of beneficiary societies, prior to the enactment of 1899, which latter only went to the last proviso of §7109, *supra.* The fraternal benefit association law was enacted in 1879, being §2823 Rev. Stat. (Mo.) 1889, in which it is provided that ''such fraternal beneficial societies shall not

in any way be subject to the insurance laws of the state, nor under the control or supervision of the insurance department of the state, nor pay any corporation or other tax.'' This statute remained unchanged until 1897, when it was amended so as to be for the sole benefit of members and beneficiaries, and not for profit, with a lodge system and representative government, and other matters, and provides that "Such association shall be governed by the act, and shall be exempt from the provisions of the insurance laws of this state, and shall not pay a corporation or other tax, and no law hereafter passed shall apply to them unless they be expressly designated therein.'' §1408 Rev. Stat. (Mo.) 1906. Another section provides that, "associations of commercial travelers, and those employing commercial travelers, incorporated as fraternal benefit associations or societies shall in all respects be subject to the provisions of this act.'' §1423 Rev. Stat. (Mo.) 1906. This act was in force during the time of the transaction involved in this suit. Insurance companies, whether general or accident, are put in the same class by the Missouri statutes, Art. 2, §6895 *et seq.* Rev. Stat. (Mo.) 1909, in which the general suicide clause appears.

The courts of Missouri have held that the suicide section, §6945, *supra,* does not apply to fraternal beneficiary associations not organized for profit, and that such associations are not subject to the provisions of the general insurance laws. *Tice* v. *Knights of Pythias* (1907), 204 Mo. 349, 102 S. W. 1013; *Westerman* v. *Supreme Lodge, etc.* (1906), 196 Mo. 670, 94 S. W. 470, 5 L. R. A. (N. S.) 1114; *Morton* v. *Royal Tribe, etc.* (1902), 93 Mo. App. 78; *Theobald* v. *Supreme Lodge, etc., supra.* Also that it does apply to insurance on the assessment plan, written since the amendment of 1897, but not to that previously written, and also applies to accident insurance. *Elliott* v. *Des Moines Ins. Co.* (1901), 163 Mo. 132, 63 S. W. 400; *Logan* v. *Fidelity &*

*Casualty Co., supra.* A history of this legislation will be found in *Kern* v. *Legion of Honor* (1902), 167 Mo. 471, 67 S. W. 252, and *State, ex rel.* v. *Vandiver, supra.*

The act of appellant in coming into this State and complying with our assessment laws is not a declaration that it is an assessment association, because it would be immaterial what it declared, that could not change its real character; that would be determined by its articles of association, and policies or certificates, or possibly by the actual character of the business it did, or attempted. *Franklin Nat. Bank* v. *Whitehead* (1898), 149 Ind. 560, 569, 49 N. E. 592, 63 Am. St. 302, 39 L. R. A. 725; *Schmidt* v. *Foresters* (1910), 228 Mo. 675, 129 S. W. 653; *State, ex rel.* v. *Vandiver, supra; Dennis* v. *Modern Brotherhood of America* (1906), 119 Mo. App. 210, 95 S. W. 967; *Herzberg* v. *Modern Brotherhood of America* (1905), 110 Mo. App. 328, 85 S. W. 986. Appellant made no declaration on coming into Indiana, that it was an assessment company. As a condition to do business, it entered into the agreement provided by the statute, but that is far short of constituting it an Indiana assessment company, in addition to the fact that the Indiana statutes except fraternal associations from the operation of the assessment laws. §4764 Burns 1914, Acts 1897 p. 318. It is to be noted that appellant filed no agreement in this State until after the death of Mr. Smith so that if that fact had any significance at any time, it could not be controlling, except as showing the prior mode of doing business to be such possibly, as to constitute appellant an accident insurer.

If this were an action on the contract we might have the question of the effect of the Missouri provision in restriction of the suicide clause to citizens of Missouri, as affecting the question of mutuality among appellant's certificate holders, but the action is not on the contract, but for alleged fraud in procuring a settlement, and the question of mutuality is not before us, as appellee

can have no interest in that question, under the issues. The theory of the complaint in each paragraph is not to recover on any kind of contract, but is clearly a studied one to bring the case so far within the provisions of the statutes of Missouri prohibiting the defense of suicide, in case of suit on the contract, as to show that it was a policy which fell within that prohibition, as a basis upon which to predicate fraud in the settlement, and that was the issue met by the answer, and tried. In some sense, the character and force of the contract was drawn in issue, but the finding of the court that it is a mutual assessment accident association is not sustained by any evidence, but it is a fraternal beneficial association, and as such was authorized by the law of its creation to issue accident policies, without being amenable to the general provisions in regard to suicide. §7109 Rev. Stat. (Mo.) 1909; *Tice* v. *Knights of Pythias, supra; State, ex rel.* v. *Vandiver, supra.* The association by its declaration of purposes and plans is, under the holdings of the Missouri courts, a fraternal association, and the fact that it is authorized to make assessments, does not constitute it an assessment company under their decisions. *Tice* v. *Knights of Pythias, supra; Morton* v. *Royal Tribe, etc., supra.*

The admission on the trial made for the purposes of the trial, as to the manner of the death of Mr. Smith, in the precise language of the complaint, heretofore set out, is of no avail to appellee. If it were an action on the policy, that admission might present a different question. Even if appellant is an assessment association, or accident company, the Missouri statute prohibiting the defense of suicide, is available only to citizens of Missouri (§6945 Rev. Stat. [Mo.]), and it is shown that appellee's decedent was a citizen of Indiana, holding a Missouri contract. If this could be considered an Indiana contract, then we might have the question whether it was an accidental or a

suicidal death.   It is alleged in each paragraph of complaint that the death was by accidental means.   There is no finding that it was an accidental death, or that it was a death by suicide.   The only finding is "that appellant knew that the decedent's insanity was the cause of his suicidal death," and "knew that his death was in truth and in fact an accidental suicide".   Under such a finding, suicide fights just as strongly against accidental death, as the latter does against suicide.   Just what it means, we do not understand.   If it was a suicidal death, it could not in the sense of the term applied to insurance contracts, be strictly accidental, or if accidental, not strictly suicidal.   4 Cooley, Briefs on Ins. 3241 *et seq.*

It is found that it is a mutual assessment accident insurance company.   This finding has no support in the evidence, except as provision is made for payment for specified injuries from accident, but they are clearly distinct from liability for death from an intentional act, sane or insane.   The articles of association, the constitution and by-laws are in the record, and they show that appellant was organized in 1900 under the benevolent and beneficiary statutes of Missouri §§2821-2835 Rev. Stat. (Mo.) 1889, an entirely different act from the mutual assessment plan, or accident insurance plan, and so adjudged by the proper court in its incorporation.   These provisions, with the amendments of 1897, 1899 and 1909, appear as §§1394-1423, 7109-7127 Rev. Stat. (Mo.) 1909, and in each is a clause exempting these associations from the general insurance laws.   §2823 Rev. Stat. (Mo.) 1889.   The certificate issued to appellee's decedent provides that there shall be no liability where injury fatal or otherwise is "inflicted upon himself while sane or insane," and that the entire liability shall be $100 where death is the result of suicide.   If this were an association incorporated under the general life, or accident insurance laws of Missouri, we would have a different question, but as

an incident of incorporation, it was a prerequisite that a court of Missouri should determine whether the articles of association presented were in compliance with the provisions of the benevolent and fraternal insurance laws, and so decided. Suicide under the Missouri laws, as applied to insurance policies, is not used in its technical sense, but according to its popular meaning of death by one's own hand, irrespective of the mental condition of the person, and includes all cases of self-destruction. *Knights Templars, etc., Co.* v. *Jarman* (1902), 187 U. S. 197, 23 Sup. Ct. 108, 47 L. Ed. 139.

There is no finding of fraud in the settlement or misrepresentation of fact, the representation as to the law was correct, and liability is not shown. As the case stands, the findings are too indefinite and uncertain to support the conclusions and judgment. The judgment is reversed, with instructions to the court below to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 107 N. E. 283. As to features of law specially applicable to mutual membership life or accident insurance, see 52 Am. St. 543. As to where contract of insurance is deemed to have been made, see 63 L. R. A. 834; 23 L. R. A. (N. S.) 968. For the conflict of laws as to insurance contracts, see 52 L. R. A. (N. S.) 275. As to whether a fraternal benefit society is a benevolent or charitable association within the exemption statutes, see 7 L. R. A. (N. S.) 380. For the statute prohibiting the defense of suicide in an action on an insurance policy, see 42 L. R. A. 260, 35 L. Ed. U. S. 1161. As to the effect of suicide of the insured on a life insurance policy containing no provision as to suicide, see 8 Ann. Cas. 162, 11 Ann. Cas. 779. See, also, under (1) 29 Cyc. 86; 11 Cyc. 750; (2) 29 Cyc. 230; 20 Cyc. 98; (3) 20 Cyc. 20; (4) 20 Cyc. 120; 29 Cyc. 244; (7) 38 Cyc. 1973.