NORMAN BAKER, Appellee, v. PAUL F. BOCKELMAN, Appellant.

No. 39610.

May 14, 1929.

*Hays, Baron & Mathews* and *J. F. Devitt,* for appellant.

*Thompson & Thompson,* for appellee.

De Graff, J.—The defendant purchased from one Kreuter, of Sheboygan, Wisconsin, a so-called musical instrument called a calliaphone, attached to a Ford truck. By that purchase, the defendant became the owner of said instrument, for the reason that he had neither actual nor constructive notice of any incumbrance on said instrument.

As a bit of history connected with the case, of which the defendant had neither notice nor knowledge, this instrument was, in the first instance, sold by the plaintiff to Kreuter under a conditional sale contract. In said contract there was a provision

reserving the ownership of the property in the vendor (plaintiff) until payment of the purchase price was fully made by Kreuter. Under the Wisconsin Statutes (1925), Vol. 1, Sections 122.05, 122.06, it is provided that every conditional sale contract, or copy thereof, shall be filed in the office of the clerk of the town, village, or city in which the goods are first kept for use by the buyer after the sale, and that every provision in a conditional sale contract reserving the ownership of the property itself shall be void as to any purchaser from, or creditor of, the buyer, who, without notice of such provision, purchases the goods before the contract or a copy thereof shall be filed, as provided in this chapter, unless such contract or copy is so filed within ten days after the making of the conditional sale. It is sufficient to say that there was no compliance with this statute when this instrument was sold to Kreuter. But the plaintiff vendor did file such instrument in the office of the register of deeds of Sheboygan County, Wisconsin. It may be observed that the Wisconsin statute was pleaded by the defendant in his answer.

Subsequently to this sale by plaintiff to the said Kreuter, in the manner heretofore stated, and before the full payment of the purchase price, Kreuter sold the calliaphone to the defendant, Bockelman, who brought it into Iowa, the state of his residence, and was making use of the instrument in advertising and giving publicity to the sale of town lots he was conducting as an auctioneer in the city of Clinton. The defendant paid Kreuter valuable consideration for the instrument and the Ford truck which carried it, and obtained from Kreuter a certificate of title to the instrument, and also a certificate of title to the motor vehicle, which certificate was issued by the secretary of state of Wisconsin. The latter document certified that Kreuter was the owner of the motor vehicle involved in this action, and that the same was not subject to any incumbrance.

When the plaintiff learned of this situation, sometime later, he sent his attorney to Clinton, for the purpose of asserting and enforcing his claim to the instrument. The attorney peremptorily demanded the defendant to surrender the instrument and Ford truck. The demand was refused, and properly so. Thereupon, plaintiff's attorney announced that legal proceedings would be immediately commenced, to secure its possession. Until such proceedings were commenced, the defendant had a per-

fect right to continue in the possession and use of the instrument. As stated, the defendant was the legal title holder. He was not even under any legal obligation to investigate the Wisconsin statute; but, by reason of the statement of plaintiff's attorney that his client had a right to the immediate possession of the instrument, and that he would replevin or attach it, if not surrendered, the defendant was courteous enough to meet the demandant, and, together with the plaintiff's attorney, discussed the matter at some length. It was the claim and representation of plaintiff's attorney that, at that time, and at the time of the sale of the instrument to defendant by Kreuter, the conditional sale contract was registered or recorded in conformity to the Wisconsin statute. This was not true. The conditional sale contract was before the parties at that time. Under the Wisconsin statute, the plaintiff, Baker, in the first instance, failed to record the contract at the proper place, and it is clear that this failure is not chargeable to the defendant, Bockelman. Plaintiff held the vantage ground of knowledge, and by reason of his own failure to have the instrument legally recorded, so as to give constructive notice to a subsequent purchaser, plaintiff is in no position to complain. It was upon the claim and representations of the plaintiff, or his agent, that the promissory notes and chattel mortgage in suit were executed by the defendant, on the evening of the conference in question. The defendant pleads fraud in inducing the defendant to sign the notes and the chattel mortgage. In the instant case, as stated herein, the conditional sale contract was in fact not legally filed for record. There was no record that would charge anyone, within or without the state, with notice, and there was no duty resting upon anyone who is not chargeable with notice to ascertain that an instrument is or is not properly recorded. If it were recorded, so that it did give constructive notice to a subsequent purchaser, it then might be said that said purchaser would be under a duty of ascertaining the fact; or more correctly put, the purchaser is charged with notice of the prior sale. If he is not so chargeable with notice, as in the case at bar, there is no duty resting upon him to find out that the instrument is or is not recorded, when it was not legally recorded. The original sale was a sale in Wisconsin, to a resident and citizen of that state; and by reason of this fact,

the Wisconsin law governing recording of instruments finds application.

*Scienter* in such case is present, as the decisions hereinafter cited establish. It is the settled law in Iowa that one who asserts as a fact, without qualification, something that he does not know to be true, asserts, by implication at least, that the thing asserted is of his own knowledge, and true; and he is not permitted, as against one to whom the representation is made, as an inducement to act, and who is thereby induced to act, to thereafter assert that he did not know his statement to be false. See 26 Corpus Juris 1109 *et seq.*

It was not a mere matter of opinion on the part of the plaintiff when he told the defendant, at the time of the conference, that the conditional sale contract was registered or recorded in conformity to the Wisconsin statute. It was a statement of fact, and the defendant had the right to rely upon said fact. It was a false statement or representation, and, under the quite universal rule of law, constituted a representation of fact, upon which the defendant could predicate fraud,—especially so in a court of equity, as in this case, wherein the defendant pleaded said matter in his answer, as a matter of defense.

A misrepresentation as to the law of a foreign state is a mistake of fact, and not of law; and when the only consideration of a contract is based on a representation as to the legal rights of parties, and a compromise results, the compromise and contract may be avoided on the ground of a fraud or mistake of fact, and therefore without consideration or mutuality.

In *Rauen v. Prudential Ins. Co.*, 129 Iowa 725, l. c. 737, it is said:

"It is also argued that, under all the evidence in the case, the court should have held, as a matter of law, that plaintiff was bound by the release given by the special administratrix, and could not recover upon the policy. * * * The mistake which will avoid a release is not necessarily a mistake of fact, but there are frequent instances in which a mistake of law or the legal effect of the written instrument has been held sufficient ground for its repudiation [citing cases] * * *. A specific intent to defraud need not in all cases be established in order to avoid a release, where the person executing it has in fact been misled as to its

meaning and effect [citing cases] * * *. It is further to be remembered that if, as contended by the appellant, the rights of the parties in respect to matters involved in this controversy are governed by the laws of Minnesota, then a misrepresentation to or a mistake by the special administratrix in respect to those rights is to be considered as a misrepresentation or mistake of fact, and not of law. The rule by which a party is presumed to know the law has no reference to the law of another state or country [citing cases]."

In *Schneider v. Schneider*, 125 Iowa 1, l. c. 13, it was contended, as a reason why plaintiff (appellant) should not be granted relief, that the defendant's representations were matters of opinion or representations as to the law, and therefore did not sustain a charge of fraud; but it is pointed out that the rule upon which appellee relies is not without marked exceptions. It is said:

"A statement respecting the condition of title to property, while in one sense a legal conclusion, is yet in one sense so far an assertion of fact that, if untrue, it affords, under some circumstances at least, sufficient grounds for equitable relief to the party who thereby has been deceived. * * * The rule of *caveat emptor* does not apply in such cases. * * * The citizen of one country is not presumed to know the law of a foreign jurisdiction, nor will the courts even take judicial notice of such laws. They are regarded, not as matters of law, but as facts, to be proved as other facts."

In *Commercial Sav. Bank of Carroll v. Kietges*, 206 Iowa 90, the doctrine is reaffirmed that the representation in question did not only constitute opinion, but is intended to be an affirmation of fact, and if so accepted, will sustain the charge of fraud. It is said:

"If the facts are not equally within the knowledge of both parties, if they do not stand on a common footing of opportunity and knowledge, if the representor has the greater knowledge or means of knowledge, if the parties are not dealing with facts before them equally open and observable, if the representation, though in form in the nature of an opinion, is not sincere, but made with the purpose to deceive, the representor may be found

to have represented by implication the existence of the facts necessary to sustain the representation which he puts in the form of an opinion [citing cases]. * * * This is true though the affirmation takes the form of an opinion of law.''

This opinion, in enumerating the various items upon which fraud could be predicated, might well have added that the affirmation of the law of a sister state may, under certain circumstances, be viewed as a representation of fact, and not of law.

See, also, *Wood v. Roeder,* 50 Neb. 476 (70 N. W. 21) ; 26 Corpus Juris 1211, Section 107; 13 Corpus Juris 380, Section 270; 31 Corpus Juris 240, Note 58 [a].

The claim of the plaintiff in the instant case has no basis, since the Wisconsin statute failed to support his statement made at the conference aforesaid, at which time a representation was made as to the law of a foreign state; and this statement must be regarded as a representation of fact sufficient to sustain the plea of fraud in defendant's answer. The underlying principle of this rule is well illustrated in a line of cases in our own state. For example, if a vendor, in making a sale of real estate, represents to the vendee that the title is clear of incumbrance, it does not lie in the mouth of the vendor, on a plea of fraud by the vendee, to say that an examination of the county records would have disclosed his untruth and laid bare his attempted fraud. The mere fact that the vendee had the opportunity to examine the records is no defense which the vendor may plead. *Riley v. Bell,* 120 Iowa 618. In other words, statements as to title to property or to the extent of interest therein, which statements are not true, are misrepresentations of fact upon which fraud may be predicated. *Rinella v. Faylor,* 190 Iowa 707. A similar case is found in *Davis v. Central Land Co.,* 162 Iowa 269. An agent was employed by the owner to sell his house and lot, and, without knowledge as to the boundary of the lot, the agent represented to the purchaser, as of his own knowledge, that the lot extended to the alley. This statement, which was false, induced the purchase. This was a material representation, and the land company paid the damages resulting from such misrepresentation.

. In the instant case, therefore, the doctrine that the parties had equal opportunity to ascertain the truth of the matter in question is wholly inapplicable, and it may not be said that fraud

may not be predicated on the representations made by the plaintiff, by reason of the failure of the defendant to examine the provisions of the recording laws of Wisconsin. Even an assertion made as an opinion may be made in such a way and under such circumstances as to amount to a declaration of fact. *Smith v. Smith,* 206 Iowa 606; *Hise v. Thomas,* 181 Iowa 700.

The notes and chattel mortgage in question are not irrevocably binding upon the defendant, for the reason that the settlement made which gave rise to them had its origin in fraud. The conditional sale contract between Kreuter and the plaintiff, Baker, was void, as far as the defendant, Bockelman, is concerned. This is true by virtue of the Wisconsin statute governing the recording of such an instrument. The plaintiff, through his attorney, while at the Clinton conference, represented and claimed that the defendant, Bockelman, had no title to the instrument because the conditional sale contract between the defendant's vendor and the plaintiff was properly recorded in the state of Wisconsin. At that time, the defendant relied thereon, and was thereby deceived. The defendant did not know the true state of affairs as to the recording of the instrument until several weeks after the notes and mortgage were executed. As stated heretofore, the defendant was not bound to know the law of Wisconsin, nor was he bound to investigate said law when he was assured that the Wisconsin provision had been complied with.

Something is said by plaintiff in argument to the effect that the defendant used the calliaphone on the evening in question, and that said use was by the consent of the plaintiff's agent. The defendant had the right to use said instrument without his consent, and there existed no legal reason why he should not have had that privilege. No legal proceedings had taken place, nor had writ of replevin or attachment been issued. This use, therefore, by the defendant may not be viewed as a consideration, as claimed. It is observed that, had it not been for the statement by plaintiff through his agent, that the contract between Kreuter and plaintiff was properly recorded, there would have been nothing upon which to predicate the execution of the notes and chattel mortgage in suit. The defendant proved, by preponderance of evidence, the fraud alleged in his answer.

The decree entered by the trial court is—*Reversed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.