Blackford, J.
Platt sued Scott in debt on two promissory notes executed by the latter to the former on the 11th of January, 1840. Pleas: 1, Nil debet. 2, That the notes were obtained by fraud. Replication in denial of the second plea. Verdict and judgment for the defendant.
It appears from the evidence, which is spread on the record, that the notes were given in part consideration of a land warrant issued at Washington city by the Secretary of *war, for 320 acres of land, under an act of Congress approved March the 5th, 1816, entitled “An act granting bounties in land and extra pay to certain Canadian volunteers.” The warrant was issued in 1816 in favour of one Hall, and was sold by him to the plaintiff in 1817. The sale of the warrant by the plaintiff to the defendant was made in January, 1840, at the time the notes were given. There is some evidence tending to show that the plaintiff represented to the defendant before the purchase, and as an inducement to it, that the warrant could be located on any land belonging to the United States within the Indiana territory which had been surveyed, with the exception of salt springs, &c. That representation was in conformity with the act of Congress of 1816, under which the warrant issued; but the law had been changed by a subsequent act of Congress, which confined the location of warrants like- that in question to lands of the United States within this State which had been previously offered for sale. This misrepresentation of the legal effect of the warrant was relied on by the defendant to defeat the suit.
The Court instructed the jury, among other things, “ that every person is bound to know the criminal law of the land, but not the civil law.”
That instruction we conceive-to be erroneous; and it may have had an influence with the jury injurious to the plaintiff. It is considered that every person is acquainted with the law, both civil and criminal, and no one can, therefore, complain of the misrepresentations of another respecting it. In the case *418 before us, the defendant must be presumed to have known the law regulating the location of the warrant in question; and he can not, therefore, be permitted to say that he was misled by the representations which the plaintiff made as to what the law was on the subject. See the remarks of Bayley, Justice, in Lewis v. Jones, 4 Barn. & Cress., 506.
R. A. Lockwood and JS. P. Biddle, for the plaintiff.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.