SARAH M. STRATTON *vs.* CHARLES T. SEAVERNS.

Middlesex.    December 4, 1894. — February 26, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Equity — Decree — Amendment — Meaning of Allegation.*

When a decree on its face is consistent with law, and may have been justified by the evidence, and when it agrees with the frame and carries out the plain object of the bill, this court will not go into nice verbal criticism of the bill for the first time on appeal.

A bill in equity was brought to restrain the defendant from disclosing processes and formulas which in his contract with the plaintiff he had agreed not to divulge to any person or corporation, and the decree recited that matrices made by the defendant from the formulas and processes "as manufactured prior to the filing of the bill and to the hearing of the cause" came within the agreement. *Held*, that the words quoted referred to one kind of matrix only, the manufacture of which was begun before the date of the bill and was continued up to the hearing, and that the allegation that the defendant's matrix was covered by his agreement was of the same scope as the decree, although the decree used the plural instead of the singular.

BILL IN EQUITY, filed on January 16, 1894, alleging that on February 15, 1893, the plaintiff and the defendant executed a certain agreement in writing, to the effect that the plaintiff's testator, having " invented certain new processes and formulas for the manufacture of slip soles and other articles," gave the defendant " free and exclusive license and right to manufacture, sell, and place upon the market in this country and elsewhere said slip soles, and all other articles which may be made under said processes and formulas," and agreed " to impart to him knowledge of said processes and formulas as fully as she has the same, and to impart knowledge of the same to no one else " ; and the defendant agreed to manufacture and place the same upon the market, to " under no circumstances whatever and in no manner whatever divulge, intimate, or make known to any person or corporation said processes or formulas, or any part thereof," and render accounts, and pay the plaintiff a certain proportion of the net profits, the last clause of the agreement being as follows: " It is expressly agreed by the parties hereto that any article manufactured under any improvement in said formulas and processes, or to take the place of any articles manufactured thereunder or to be used in connection therewith, with which the said party of the second part is in any way connected, shall come within the provisions of this agreement ; and royalty to the said amount shall be paid thereon to the said party of the first part, her representatives and assigns, by the said party of the second part."

The bill further alleged that in accordance with the provisions of the agreement she had imparted to the defendant knowledge of the processes and formulas therein referred to as fully as she had the same, and had imparted knowledge of the same to no one else, and had performed all things in the agreement specified on her part to be performed ; that the defendant had rendered to the plaintiff no accounts of slip soles and other articles manufactured, and placed upon the market, and sold by him ; that he had represented to the plaintiff that he had sold none of the soles, and had made no use thereof, or of the formulas and processes ; that, as the plaintiff believed, the defendant and persons employed by and acting with him had made improvements in said formulas and processes, and 'had developed therefrom a

process of making a matrix for use in printing, which was of great value; that the defendant had contracted, or was about to contract, with certain parties or corporations in the State of New York, their names being unknown to the plaintiff, for the sale of said matrix and the processes and formulas for making the same, and to disclose to them the whole or a part of the formulas and processes referred to and covered by the agreement; that as the plaintiff believed, said matrix and the processes and formulas for making the same were covered by the agreement, and the plaintiff was entitled to the interest therein provided for in the agreement; that, as she believed, the defendant intended fraudulently to deprive her of her interest therein, and of her rights under the contract; and that, as she believed, the defendant was financially irresponsible, so that a judgment for damages for a breach of the agreement would be of little or no value.

The prayer of the bill was that the defendant, his servants and agents, might be enjoined from disclosing the processes and formulas, or any part thereof, to any person or corporation, and from in any way violating the provisions of the agreement; and that after due hearing the injunction might be made permanent, and that the defendant might be required to account and pay to the plaintiff any and all moneys to which she might be entitled under the agreement.

The answer of the defendant was, that since the date of the contract he had made all reasonable and possible efforts to introduce on the market the products of the formulas and processes referred to in the contract, and to sell the same, but without success; and that neither he nor the plaintiff had made or suggested any other article of merchandise or any practical use for or to which the formulas and processes could be used and applied; and he therefore admitted that he had not rendered accounts as alleged in the bill.

He further alleged that he had no intention of divulging or communicating the formulas and processes, or any part thereof, or in any other way violating the terms of the agreement, and that he had not contracted nor was about to contract with parties, as alleged in the bill, to disclose the whole or any part of the formulas and processes.

He furthermore denied that he and persons employed by and acting with him had made improvements in the formulas and processes, or that they had developed therefrom a process for making a matrix for use in printing, or that the matrix referred to in the bill and the processes and formulas for making the same were covered by the agreement.

The court made a decree adjudging that the defendant be perpetually enjoined from in any way disclosing or divulging the processes and formulas referred to in or covered by the agreement, a copy whereof was annexed to the plaintiff's bill of complaint, or any part thereof; that the matrices, as devised and improved by the defendant, as manufactured prior to the filing of the bill and to the hearing of the cause, came within the last clause of said agreement, and the plaintiff's rights therein under said agreement were thereby established; that accounts under said agreement be taken when sales of said matrices, or of other articles covered by said agreement, were made; and that the plaintiff recover the costs of suit, to be taxed by the clerk; and the defendant appealed.

*S. H. Tyng*, for the defendant.

*J. R. Smith*, for the plaintiff.

HOLMES, J. When, as in this case, a decree on its face is consistent with law, and may have been justified by the evidence, and when it agrees with the frame and carries out the plain object of the bill, we are not disposed to go into nice verbal criticism of the bill for the first time on appeal. The only question before us worth mentioning is raised by the clause of the decree that the matrices, "as manufactured prior to the filing of the bill and to the hearing of the cause," come within the defendant's agreement. It is assumed on behalf of the defendant that the words quoted mean that he has made two kinds of matrix, one manufactured before the filing of the bill, the other after, and it is objected that the latter cannot be dealt with in the decree without a supplemental amendment to the bill. We do not read the words as having the meaning supposed. We understand them to refer to one kind of matrix only, the manufacture of which was begun before the date of the bill, and was continued up to the hearing.

The bill alleges that the defendant's matrix is covered by his

agreement.   This allegation is of the same scope as the decree, although the decree uses the plural.   The bill refers to the species, the decree to the members of the species.   The allegation is not an allegation of matter of law only.   *Windram* v. *French*, 151 Mass. 547, 551.   If the defendant had wanted more information as to how the matrix was covered by his agreement, he should have sought it earlier, although we do not mean to intimate that he would have succeeded if he had done so in a case like this.                                              *Decree affirmed.*