HERMAN VAN SLOCHEM, Respondent, v. HAROLD G. VILLARD, Appellant, Impleaded with Others.

Pleading — action for fraudulent representations — sufficiency of complaint.

1. In an action to recover damages for fraudulent representations by which plaintiff was induced to purchase certain stock, an allegation of the complaint that the defendants falsely represented the stock to be of great value is demurrable, since a false statement of the value of property made by the vendor for the purpose of obtaining a higher price will not sustain an action for fraud.

2. An allegation that the defendants falsely represented the stock to be non-assessable, knowing the statement to be false, is sufficient to support the action, where the stock in question was that of a foreign corporation, since foreign law is a matter of fact and our courts cannot decide, as a question of law, upon a demurrer, that it is impossible that under the laws of the foreign state the stock can be assessed.

3. An allegation that the defendants falsely represented the stock to be fully paid is also sufficient, since the cost of a thing is a material allegation well adapted to affect the action or judgment of the purchaser, for a false statement of which an action will lie.

*Van Slochem* v. *Villard*, 154 App. Div. 161, affirmed.

(Argued February 27, 1913; decided March 18, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 7, 1911, which affirmed an order of Special Term granting a motion for judgment in favor of plaintiff on the pleadings with leave to defendant, appellant, to withdraw his demurrer and serve an answer.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abram I. Elkus* and *William M. Wherry, Jr.*, for appellant. The statement printed on the stock certificate that the stock was "fully paid" was not such a statement of fact as to the value of the property as to sustain an action for fraud. (*Young* v. *Erie Iron Co.*, 65 Mich. 111; Cook on Corp. § 50; *Potts* v. *Chapin*, 133 Mass. 276; *Insurance Press* v. *Montauk Wire Co.*, 103 App. Div. 472.) The complaint contains no facts to show that this stock could ever be assessable or that there is any possibility of its ever being assessable. (Cook on Corp. [6th ed.] § 50; *Young* v. *Erie Iron Co.*, 65 Mich. 111; *Matter of MacDonald Co.*, L. R. [1 Ch.] 89, 127; *Albitztigni* v. *Guadalupi Co.*, 92 Tenn. 598; *Rood* v. *Wharton*, 67 Fed. Rep. 434; 74 Fed. Rep. 118; *Coleman* v. *Howe*, 154 Ill. 458; *Rochester Co.* v. *Roe*, 7 App. Div. 366; *Old Dominion Co.* v. *Lewisohn*, 210 U. S. 206.) Plaintiff here is estopped from attacking the transaction by which the corporation issued this stock as full paid for he bought it for less than par, ratifying its original issue. (*Campbell* v. *McPhee*, 36 Wash. 593; *Cort* v. *Gold Amal. Co.*, 119 U. S. 343; *Lake Superior Iron Co.* v. *Drexel*, 90 N. Y. 87; *Williams* v. *Taylor*, 120 N. Y. 244; *Am. Tube Co.* v. *Hays*, 165 Penn. St. 489; *Otter* v. *Brevoort Pet. Co.*, 50 Barb. 247; *People* v. *Alb. R. R. Co.*, 57 N. Y. 161; 55 Barb. 344; *Hartley* v. *Pioneer Iron Wks.*, 181 N. Y. 73.)

*Henry L. Scheuerman* and *Herbert R. Limburg* for respondent. The complaint states a complete cause of action in deceit against defendants. (Cook on Corp. [6th ed.] § 40; *Cross* v. *Sackett,* 2 Bosw. 617; *Langdon* v. *Fogg,* 14 Abb. [N. C.] 435; *Nott* v. *Clews,* 14 Abb. [N. C.] 437; *Downey* v. *Finucane,* 205 N. Y. 251; *Lorillard* v. *Clyde,* 86 N. Y. 384; *Douglas* v. *Ireland,* 73 N. Y. 100; *Kryger* v. *Andrews,* 65 Mich. 405; *Heard* v. *Pictorial Press,* 182 Mass. 530; *Windrum* v. *French,* 151 Mass. 547.) The false statement that the stock was " of great value." when defendants knew it to be worthless, of itself, is sufficient to support the action for deceit. (*Simar* v. *Canaday,* 53 N. Y. 298; *Ellis* v. *Andrews,* 56 N. Y. 83; *Miller* v. *Barber,* 66 N. Y. 558; *Titus* v. *Poole,* 145 N. Y. 414.) The allegation in the complaint that the shares of stock were represented to be non-assessable while actually assessable even in plaintiff's hands, under the laws of Delaware, is a statement of fact; if untrue, it furnishes ample basis for an action in deceit. (*Southworth* v. *Morgan,* 205 N. Y. 293; *Genet* v. *Del. & H. Co.,* 163 N. Y. 173; *Tasker* v. *Wallace,* 6 Daly, 364; *Veeder* v. *Mudgett,* 95 N. Y. 295; *Briggs* v. *Waldron,* 83 N. Y. 582.)

CULLEN, Ch. J. The action was brought to recover damages for fraudulent representation of the defendant by which the plaintiff was induced to purchase stock of a corporation called the British Columbia Railway and Development Company, of which the defendants were the promoters. The representations charged in the complaint to have been made are that the stock was fully paid, non-assessable and of great value, each of which is charged to have been false and known so to be by the defendants, and to have been made with the intent to cheat and defraud the public or such persons as might purchase the stock. It is contended that the representations, even if fraudulently made, will not support an action for deceit. The claim is well founded as to the

representation of value, for it has been decided by this court in *Ellis* v. *Andrews* (56 N. Y. 83) that a false statement of the value of property made by the vendor for the purpose of obtaining a higher price will not sustain an action for fraud.

The representation that the stock was non-assessable may present a mixed question of law and fact which can be determined only on the trial. If it should appear that it involved merely the expression of opinion on the liability of the stock to assessment under the law of Delaware, then its falsity would not support a cause of action; but if it should appear that the stock was assessable, and assessable because the defendants had not complied with a plain mandate of the statute requisite to give the stock immunity from assessment, then we think it would support the action. The allegations of the complaint in this respect we think are sufficient. It alleges the falsity of the representation and that the defendant knew it to be false. If the question were of liability under the laws of this state it would be one of law, and could be decided as such despite of the allegations of the complaint. But foreign law is a matter of fact, and we cannot say that it is impossible that under the laws of Delaware the stock can be assessed.

As to the remaining allegation, that the stock was fully paid, it is the settled law of this state that the cost of a thing is a material allegation well adapted to affect the action or judgment of the purchaser, for a false statement of which an action will lie. (*Sandford* v. *Handy*, 23 Wend. 260; *Van Epps* v. *Harrison*, 5 Hill, 63; *Fairchild* v. *McMahon*, 139 N. Y. 290; *Townsend* v. *Felthousen*, 156 id. 618.) It is true that in the opinion of Chief Justice Bronson in the *Van Epps* case he makes the statement that the price paid is immaterial, but, as stated by the learned judge, a majority of the court held to the contrary.

It is contended, however, that the representation "fully

paid " is also a mere statement of opinion of what constitutes a full payment under the law of Delaware. We think that it is purely a statement of fact, and that it does not involve any question of law. If in Delaware these words have a different import or definition from that accorded them by the lexicographers, and the contract was made in that state, such matters should be pleaded and proved in defense of the action. In the absence of such proof, the representation should be construed to mean exactly what was said, that the stock was paid in full. The argument that the plaintiff could not have believed the representation because he bought the stock from the company itself for much less than par is a proper one to address to the jury, to whom the plaintiff's reliance on the representation must be submitted, but it cannot be considered as affecting or qualifying the allegation of the complaint that the plaintiff did rely on that representation. The company might have become the owner of the stock after its original issue for full value. Under the law of this state the company might have done so, provided the purchase of same was made from surplus profits. (Penal Law, Sec. 664). What the law of Delaware on the sub ject is we do not know.

The order appealed from should be affirmed, with costs, and the question certified, which is, does the complaint state facts sufficient to constitute a cause of action, answered in the affirmative.

WERNER, WILLARD BARTLETT, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur.

Order affirmed.