[Civ. No. 2244.   First Appellate District.—December 14, 1917.]

IDA McCARTER et al., Appellants, v. JOHN A. ZELLER, Respondent.

ACTION FOR RESCISSION—OPTION TO LEASE—MISREPRESENTATION OF LOSS OF RIGHTS UNDER PRIOR LEASE—INSUFFICIENT GROUND FOR RELIEF.—An agreement giving to a defaulting lessee an option to take a new lease of the premises at a higher rental and to buy the personal property contained therein at a higher price is not subject to rescission, on the ground that the lessor misrepresented to the lessee she had lost all her right to the possession and property under the original lease, since the representation was a mere opinion on a question of law on which the lessee had no right to rely.

CONTRACT—RESCISSION—MISREPRESENTATION—OPINION OF LAW.—An alleged misrepresentation consisting of a mere opinion on a question of law made by the defendant to the plaintiff toward whom he occupied no confidential relationship does not justify the plaintiff in relying upon it and does not furnish ground for rescission.

ID.—RELIANCE UPON ADVICE OF ATTORNEY.—An agreement is not subject to rescission for misrepresentation where before making it the plaintiff sought the advice of an attorney at law and acted thereon.

APPEAL from a judgment of the Superior Court of Napa County.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

A. S. Schapp, for Appellants.

John T. York, for Respondent.

LENNON, P. J.—On February 4, 1912, the defendant, John A. Zeller, sold and delivered to the plaintiffs all the furniture, household goods, and personal property, stock of liquors, etc., then situate in the Palace Hotel, in the city of Napa, for the purchase price of eight thousand dollars. Four thousand dollars was paid in cash and the balance was evidenced by a series of eleven joint and several promissory notes, all bearing interest at the rate of seven per cent per annum from February 4, 1913, executed and delivered by the defendants to the plaintiff, each for the sum of two hundred dollars, and one joint and several note for the sum of one thousand eight hundred dollars.   All of these notes were secured

35 Cal. App.—38

by a chattel mortgage, dated February 4, 1913, whereby the personal property so sold and delivered by defendant to the plaintiffs, together with all furniture, household goods, provisions, supplies, and all personal property of every nature, which should thereafter be purchased, acquired, or owned by the mortgagees for use in the hotel business was thereby mortgaged to secure the payment of the said notes with interest and the performance of the covenants of the chattel mortgage. The mortgage provided that if default should be made in the payment of any of these notes, the mortgagee, without commencing an action for foreclosure, could take possession of the mortgaged property and sell it in the manner provided by law.

On February 4, 1913, the defendant executed a lease to the plaintiffs of the premises known as the Palace Hotel, in the city of Napa, for the term of five years, commencing February 1, 1913, for a monthly rental of $250, payable on the first day of each month in advance. This lease, executed with all the formalities of a chattel mortgage, provided that the personal property so sold was mortgaged to secure all rent due or to become due under the terms of the lease, and the performance of all the covenants and conditions therein contained, and also contained a provision that upon the breach of any covenant or condition of the lease, that it should be lawful for the lessor, when the breach continued for ten days after written notice to remedy the same, to enter upon the premises or any part thereof and to repossess the same as of his former estate.

The plaintiffs entered into the possession of the property under this lease and paid, as they severally became due, eight of the promissory notes, and in the meantime purchased additional personal property of the value of about three hundred dollars, which they installed in the hotel.

On November 4, 1913, the plaintiff George A. McCarter left Napa, and the court found as a fact that he then and there intended to desert and abandon his wife, the plaintiff Ida McCarter, and then and there intended to cease to conduct or manage said hotel. On the day he left one of the series of notes for two hundred dollars matured, and there also remained unpaid two additional two hundred dollar notes and one for the sum of one thousand eight hundred dollars, all with interest from February 1, 1913, and, accord-

ing to the express provisions of the chattel mortgage, these four notes, aggregating two thousand four hundred dollars, by reason of the default in the payment of the note maturing November 4, 1913, at the option of the payee, all became immediately due and payable.

On December 1, 1913, defendant requested Ida McCarter, who was still conducting the business, to pay the rent for December, 1913, but she stated that she was unable to pay the same, whereupon the defendant served upon her the ten days' notice provided for in the lease, and later took possession. But just before the defendant took possession under the provisions of the lease, Mrs. McCarter, accompanied by one King, whom she had employed as counsel, had a conference with the defendant. Zeller, at which time they entered into another agreement, which bears date December 12, 1913, and which in substance gave to Ida McCarter, personally, an option for thirty days to lease the hotel premises for the term of five years at a monthly rental of $260, and to purchase the personal property, with goodwill of the hotel business, for the sum of $2,737, and a further additional sum, which would consist of any additional personal property which the respondent might purchase during the existence of the option. There was also a second similar option given extending over a period of sixty days which would be exercised upon the payment of $2,850 plus the value of personal property purchased before its exercise. It was also agreed in the case of the exercise of either option that two thousand dollars of the purchase price would be accepted in secured notes.

This action was commenced for the purpose of rescinding and annulling the latter agreement. The defendant answered, and also filed a cross-complaint asking for a foreclosure of the chattel mortgage given to secure the lease and the promissory notes. The court gave judgment in favor of defendant in a certain sum, and directed the sale of an undivided one-half interest of all the personal property which was the subject matter of the sale made by defendant to the plaintiffs on February 4, 1913. This is an appeal from the judgment.

It was the theory of the plaintiffs' case that Ida McCarter was induced to enter into the agreement in question by misrepresentations of the defendant, and in this behalf the complaint alleged that the defendant represented to plaintiff that

she and her husband had lost all right and title to the personal property sold to them and had also lost all right to the possession of the leased premises; that she believed said misrepresentation, and was induced thereby to execute the agreement in question.

The court expressly found that the defendant did not make the alleged representation, and counsel for plaintiffs fails to point out any testimony contradictory to this finding. But even if the facts did support the allegation of the complaint as to the misrepresentation, nevertheless the alleged representation was a mere opinion on a question of law made by the defendant to the plaintiff toward whom he occupied no confidential relationship, and therefore it cannot justify the plaintiff in relying upon it, and does not furnish ground for rescission. (*Champion* v. *Woods,* 79 Cal. 17, [12 Am. St. Rep. 126, 21 Pac. 534]; *Rheingans* v. *Smith,* 161 Cal. 362, [Ann. Cas. 1913B, 1140, 119 Pac. 494].)

Furthermore, it affirmatively appears that the plaintiff did not rely upon any representations of the defendant. The record shows that Mrs. McCarter, before making the agreement in suit, sought the advice of an attorney and acted throughout the transaction on his advice.

This fact also tends to condemn the contention that Ida McCarter was not in a condition of mind to realize and appreciate the nature and character of the agreement.

It is claimed that the court erred in refusing to allow the plaintiffs to prove that there was a failure of consideration for the promissory notes, given pursuant to the original agreement. The very object of the action was to obtain the rescission of the last agreement of December 12, 1913, and the plaintiffs' complaint prayed the return to them of the property which was the subject matter of the original agreement, and therefore plaintiffs must stand squarely upon and affirm the original transaction. Surely the plaintiffs will not be permitted to insist upon a failure of consideration of a contract, under the terms of which they were seeking the relief sued for.

It is contended that the trial court found in effect that the last agreement, dated December 12, 1913, constituted a novation, and that a novation to be effective must be as to all of the parties to the original contract. Therefore it is argued that the findings to this extent are erroneous and will not suffice

to support the judgment of foreclosure rendered and entered pursuant to the issues raised by the cross-complaint.

The findings do not either expressly or impliedly proceed upon the theory of a novation and, so far as we have been able to ascertain, the agreement in question possessed none of the elements of a novation in so far as the security held by the defendant was concerned.

Judgment affirmed.

Richards, J., and Kerrigan, J., concurred.