[Civ. No. 2732. Second Appellate District, Division One.—February 19, 1920.]

MERCHANTS REALTY AND INVESTMENT COMPANY (a Corporation), Appellant, v. A. P. KELSO (Sometimes Known as ALBERT P. KELSO), Respondent.

[1] CORPORATIONS — REPRESENTATION THAT STOCK NONASSESSABLE — RESCISSION OF CONTRACT OF PURCHASE.—A representation by the agent of a corporation that the stock of the corporation is nonassessable constitutes a representation of fact and not of law and, if untrue, is actionable and entitles a purchaser relying thereon to rescind his contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

---

1. What amounts to false representation of existing fact, note, 1 Ann. Cas. 980.

The facts are stated in the opinion of the court.

Leo V. Youngworth and Harry J. McClean for Appellant.

Duke Stone for Respondent.

CONREY, P. J.—Action to recover on a subscription contract whereby the defendant agreed to take and pay for shares of stock of plaintiff corporation. The defendant claimed the right to rescind the contract upon the ground that the agents of the corporation in their negotiations with the defendant, which resulted in the contract, falsely and fraudulently represented to the defendant that the capital stock of the corporation was nonassessable; that the defendant signed the contract in reliance upon said statements which he believed to be true and without which he would not have entered into such contract. At the trial the court overruled plaintiff's objections to the defendant's offer of evidence proving that such representations were made by plaintiff's agents. The facts were proved as alleged by the defendant and judgment was rendered in his favor, from which judgment the plaintiff appeals.

[1] It is conceded by appellant that the rule of law by which the decision of the trial court on the question at issue must be tested was determined adversely to appellant in the case of *Browne* ;v. *San Gabriel River Rock Co.*, 22 Cal. App. 682, [136 Pac. 542, 544] ; which decision was rendered by this court and rehearing thereof denied by the supreme court. It was said therein that ''a representation that the stock of a corporation is nonassessable should be held to be an assurance that the corporation has taken whatever steps that are necessary to effectually waive its right to levy the assessments provided for by the statute, and this representation would be one of fact and not of law. If untrue, it would be actionable and entitle the purchaser to rescind his contract.'' See, also, *Carr* v. *Sacramento Clay Products Co.*, 35 Cal. App. 439, 445, [170 Pac. 446], where the same principle was applied, although relating to a different class of facts. The cases relied upon by appellant, such as *Haviland* v. *Southern California Edison Co.*, 172 Cal. 601, 608, [58 Pac. 328], *Champion* v. *Woods*, 79 Cal. 17, [12 Am. St. Rep. 126, 21 Pac. 534], and *McCarter* v. *Zeller*, 35 Cal. App. 593,

[170 Pac. 636], were cases in which the alleged misrepresentations included mere opinions on questions of law and did not include or imply any representation of fact. We are satisfied that the ruling made in *Browne* v. *San Gabriel River Rock Co., supra,* should be adopted as the rule of decision in this case.

The judgment is affirmed.

Shaw, J., and James, J., concurred.