## Burns v. Mills, Receiver.

[No. 12,141. Filed April 7, 1925.]

1. APPEAL.—*Overruling, motion to make pleading, more specific is not reversible error unless injury to appellant is shown.*— A denial of a motion to make a pleading more specific is not reversible error unless the record affirmatively shows that the appellant was harmed thereby. p. 622.

2. APPEAL.—*Overruling motion to make pleading, more specific not considered when evidence not in record.*—Overruling motion to make a pleading more specific will not be considered on appeal where there is no bill of exceptions containing the evidence, as it would not be possible, under such circumstances, to show the harmfulness of such ruling. p. 622.

3. APPEAL.—*Ruling of court sustaining demurrer will be reviewed although demurrer and memorandum are omitted from appellant's brief.*—The review of a ruling sustaining a demurrer is not precluded by the failure of appellant to set out the demurrer and memorandum of deficiencies in his brief, as it will be presumed that the demurrer was in proper form when the court sustains the demurrer. p. 623.

4. PLEADING.—*Demurrer may be sustained to defective pleading regardless of defects specified in memorandum.*—Although, under the provisions of clause 6 of §344 Burns 1914, Acts 1911 p. 145, the party demurring to a pleading is limited to the deficiencies specified in his memorandum, and all other deficiencies are deemed waived, the court is not bound thereby, but may *sustain* the demurrer for any material defect in the statements of the facts. p. 623.

5. FRAUD.—*Misrepresentations as to a person's legal rights not actionable.*—Misrepresentations as to a person's legal rights do not constitute actionable fraud, as every person is presumed to know the law. p. 623.

6. FRAUD.—*Misrepresentations of solicitors for stock subscriptions must be authorized or ratified and confirmed by their principal to constitute fraud.*—Misrepresentations of solicitors

for stock subscriptions as to the right of a subscriber to cancel his subscription are not binding on their principal unless shown that they were authorized to make said statements or that the statements and promises were ratified or confirmed by the principal.  p. 623.

From Wabash Circuit Court; *Albert Ward,* Special Judge.

Action by John H. Mills, Receiver, against Elmer Burns.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Plummer & Plummer,* for appellant.

*W. S. Brent,* for appellee.

ENLOE, J.—This is an action by appellee to recover upon a subscription for stock in the Wabash South Side Improvement Company.  Appellant filed his motion to make the complaint more specific; this motion was overruled, and he duly excepted.  He then filed an answer in two paragraphs, the first being a general denial; a demurrer was sustained to the second paragraph, after which appellant filed an amended second paragraph of answer, to which also a demurrer was sustained and to which ruling the appellant excepted.  The cause went to trial upon the issues made by the complaint and answer thereto, and resulted in a finding and judgment against appellant, from which this appeal is prosecuted.  The errors assigned are, overruling said motion to make more specific, and sustaining said demurrer to said amended second paragraph of answer.

As to the alleged first error:  The courts of this State are now firmly committed to the rule that as the overruling of such a motion is so largely in the discretion of the trial court, such action will not be cause for reversal unless the record affirmatively shows that the appellant was injured thereby. *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35;

*Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202; *Terre Haute, etc., Traction Co.* v. *McDermott* (1924), *ante* 134, 144 N. E. 620, and authorities cited. In this case, there is no bill of exceptions containing the evidence adduced on the trial, and it therefore follows that no harm is shown to have been suffered by the appellant, as a result of said ruling.

The appellee insists that, as to the second alleged error, no question is presented for our consideration for the reason that neither said demurrer nor the "memorandum" of deficiencies is set out in appellant's brief. With this contention, we cannot agree. We must presume in favor of the action of the trial court, and therefore that said demurrer was proper as to its form. As to the memorandum accompanying said demurrer, it is well settled that the trial court was not bound thereby; that, while the party demurring was limited to the "deficiencies therein specified," and, as to such party, all other deficiencies were deemed to have been waived, yet, if the pleading was bad from any cause, whether so specified or not, it was not error for the court to sustain such demurrer. *Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55. The question, therefore, which we have to decide is—Was said paragraph of answer insufficient from any cause?

The appellant sought to escape payment on his said subscription because of certain alleged wrongful conduct of the persons who solicited his said subscription. In said paragraph of answer, divers statements are set forth as having been made by these solicitors to the appellant, to induce him to make the said subscription. Some of these statements were representations of fact, others were simply statements of law—as to what the rights of the appellant would be if he signed said subscription and later desired to withdraw the same. Every person is presumed to know

the law, and therefore a statement or a representation as to one's legal rights cannot become the basis of an action for fraud. *Platt* v. *Scott* (1843), 6 Blackf. 389, 39 Am. Dec. 436; *Parker* v. *Thomas* (1862), 9 Ind. 213, 81 Am. Dec. 385. Concerning the alleged representations of fact, and of promises made by said solicitors to appellant, there is no averment that said company ever had any knowledge of said promises or of said statements, or that said company ever ratified or confirmed to the appellant the statements and promises so made; neither is there any allegation that the said solicitors ever were authorized by said company to make said statements or said promises.

There was no error in sustaining said demurrer.

Affirmed.