446

## STATE v. E. W. EDWARDS.[1]

November 15, 1929.

No. 27,651.

*John R. Coan* and *Somsen, Dempsey & Flor,* for defendant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *T. O. Streissguth,* County Attorney, for the state.

WILSON, C. J.

The trial court overruled a demurrer to an indictment and as authorized by G. S. 1923 (2 Mason, 1927) § 10756, certified to this court the question to be important and doubtful.

The indictment is based upon our larceny statute. It arises out of the sale of corporate stock in a solvent Minnesota corporation. The sole accusation is that defendant knowingly made the false representation that the stock was not assessable after the purchase

[1]Reported in 227 N. W. 495.

price was paid. Under our constitution each stockholder in any corporation, except those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him. Art. 10, § 3. It is not claimed that the corporation involved is included in the exception.

1. In civil actions the rule is that a misrepresentation as to a matter of law cannot constitute remediable or actionable fraud. Miller v. Osterlund, 154 Minn. 495, 191 N. W. 919; 12 C. J. 1207, § 106; First Nat. Bank v. Schirmer, 134 Minn. 387, 159 N. W. 800; Pieh v. Flitton, 170 Minn. 29, 211 N. W. 964; 14 Am. & Eng. Enc. of Law (2 ed.) 54; Upton v. Tribilcock, 91 U. S. 45, 23 L. ed. 203; Coddington v. P. & G. R. Co. 103 U. S. 409, 26 L. ed. 400; Mutual L. Ins. Co. v. Phinney, 178 U. S. 327, 20 S. Ct. 906, 44 L. ed. 1088; Security Sav. Bank v. Kellems (Mo. App.) 274 S. W. 112; Burns v. Mills, 82 Ind. App. 621, 147 N. E. 300; Gormely v. Gymnastic Assn. 55 Wis. 350, 13 N. W. 242; Easton-Taylor Tr. Co. v. Loker (Mo. App.) 205 S. W. 87; 12 R. C. L. 295; Claxton Bank v. Smith, 34 Ga. App. 265, 129 S. E. 142; Security Sav. Bank v. Kellems (Mo.) 9 S. W. (2d) 967; Horton v. Foley, 94 Okl. 9, 220 P. 907; Allgood v. Tarkio E. & W. Co. (Mo. App.) 6 S. W. (2d) 51; McDonald v. Smith, 95 Ark. 523, 130 S. W. 515; Wicks v. Metcalf, 83 Or. 687, 163 P. 434, 988, L. R. A. 1918A, 493; White v. Harrigan, 77 Okl. 123, 186 P. 224, 9 A. L. R. 1041; see Stidham v. Cicero Smith Lbr. Co. (Tex. Civ. App.) 257 S. W. 628; Haviland v. So. Cal. Edison Co. 172 Cal. 601, 608, 158 P. 328.

In looking for the foundation for the rule it is sometimes said that everyone is presumed to know the law. This maxim has but little support in fact. But it merely means that ignorance of the law is no excuse. Indeed it is a necessary principle or rule lying at the foundation of government. This rule sounds in policy. The only way to sustain the administration of justice is to say that ignorance of the criminal law is an insufficient excuse for its violation. It is best to adopt the theory that the rights and responsibility of everyone shall be the same as if he in fact knew the law.

Ordinary vigilance will disclose the truth or falsehood of representations as to matters of law. Perhaps the rule does not apply as to the law of another state. Wood v. Roeder, 50 Neb. 476, 70 N. W. 21; Epp v. Hinton, 91 Kan. 513, 138 P. 576, L. R. A. 1915A, 675; 26 C. J. p. 1211, .§ 107; Van Slochem v. Villard, 207 N. Y. 587, 101 N. E. 467. It does not apply when the relation of trust and confidence is involved. It is sufficient for present purposes to state that the general rule, which controls in this case, may be rendered inapplicable by peculiar facts and circumstances. Miller v. Osterlund, 154 Minn. 495, 191 N. W. 919; Rosenberg v. Cyrowski, 227 Mich. 508, 198 N. W. 905; Jekshewitz v. Groswald (Mass.) 164 N. E. 609. Much depends upon whether the parties deal on equal terms. Schneider v. Schneider, 125 Iowa, 1, 98 N. W. 159. Here they did.

This rule of policy or procedural convenience which exists out of necessity will not permit one to rely upon statements as to what the law will not permit to be done. 12 R. C. L. 295; 25 C. J. p. 601; 26 C. J. p. 1207; People v. Klock, 55 Misc. 46, 106 N. Y. S. 267; State v. Jamison, 268 Mo. 185, 186 S. W. 972; Van Slochem v. Villard, 207 N. Y. 587, 101 N. E. 467; 3 Dunnell, Minn. Dig. (2 ed.) § 3825. This court in Miller v. Osterlund, 154 Minn. 495, 496, 191 N. W. 919, in discussing this rule, said: "This rule is applied with propriety in cases where a party makes representations as to * * * liability on a certificate of stock in a corporation." In Rogan v. Illinois T. & S. Bank, 93 Ill. App. 39, it was held that no cause of action arises or can be predicated upon a misrepresentation of the law as to whether certain stock in a corporation being offered for sale is or is not liable to assessment, as it is presumed that the law is equally within the knowledge of all.

It was conceded upon argument that the misrepresentation related to a matter of law. The trial court so understood the question and among other things said:

"The question then is whether a misrepresentation as to an existing law whereby another is induced to purchase stock and thereby damaged because of subsequent assessment of stock, is a crime—

can be made basis for indictment." Such a representation is one relating to a matter of law. Van Slochem v. Villard, 207 N. Y. 587, 101 N. E. 467; Windram v. French, 151 Mass. 547, 24 N. E. 914, 8 L. R. A. 750.

A false misrepresentation is to be measured or weighed by its effects as indicated in State v. Southall, 77 Minn. 296, 79 N. W. 1007. But the language there used had reference to statements of facts which in law were sufficient to constitute fraud. Stress is laid upon Ryan v. State, 104 Ga. 78, 30 S. E. 678, wherein the court held the maxim ignorantia legis neminem excusat inapplicable.

A few cases hold that a representation that stock is "nonassessable" is to be construed as an assertion that such things had been done as were required by the particular state law to be done in order to make the stock rightfully exempt from further assessment, that being possible. Windram v. French, 151 Mass. 547, 24 N. E. 914, 8 L. R. A. 750; Merchants R. & I. Co. v. Kelso, 46 Cal. App. 218, 189 P. 116. Perhaps Miller v. Osterlund, 154 Minn. 495, 191 N. W. 919, rests upon a similar theory, which is that, whether certain things necessary to that end had been done, was a question of fact. As stated in Browne v. San Gabriel R. R. Co. 22 Cal. App. 682, 685, 136 P. 542, 543, and quoted in Merchants R. & I. Co. v. Kelso, 46 Cal. App. 218, 219, 189 P. 116, "a representation that the stock of a corporation is nonassessable should be held to be an assurance that the corporation has taken whatever steps that are necessary to effectually waive its right to levy the assessments provided for by the statute, and this representation would be one of fact and not of law." Here, as obviously understood by all in the lower court, the representation related to a judicial construction of the articles of incorporation so as to ascertain whether an assessment could be imposed because of the constitutional liability. This question was not dependent upon whether this act or that act had been in fact performed. In the case at bar the corporation could not waive the constitutional liability. Indeed we have repeatedly held that unless it appears from the articles of incorporation that the corporation was organized for the exclusively exempt purpose

the constitutional assessment may be imposed. 2 Dunnell, Minn. Dig. (2 ed.) § 2080c, note 58. The meaning of the articles from this viewpoint is one of law. We would not say that such a question was for a jury. We are of the opinion that the authorities lead to a reversal.

Reversed.

DIBELL, J. dissents.

STONE, J. (dissenting).

The alleged misrepresentation was as to the *status* under the law of a corporation and its stock. That status depended not so much on law as on the fact of compliance or noncompliance with it. The law was law, but compliance or noncompliance was fact. Therefore the statement of the result on status, if made, was of fact rather than law.

The law of our constitution (making shareholders in Minnesota corporations not organized exclusively for manufacturing or mechanical purposes liable to creditors of the corporation) was not at all the subject of the misrepresentation charged. The latter implies two conclusions, both of *fact*. One is that the stock was fully paid for and so not subject to assessment for unpaid subscriptions. The other is that the company was organized exclusively for manufacturing or mechanical purposes and so its stock not assessable to pay creditors. Those conclusions are not as to the law but solely as to facts of action under the law.

In any event, a misrepresentation involving matter of law is "actionable if it amounts to an implied assertion that facts exist that justify the conclusion of law which is expressed." So a false statement that an insurance company was authorized to do business in Minnesota was held actionable in Miller v. Osterlund, 154 Minn. 495, 191 N. W. 919. The representation was no more of law and was just as much as to the fact of corporate status as the one now under consideration. The same thought, that a misrepresentation of status (of land) under applicable law is one of fact and actionable, is the gist of the decision in Pieh v. Flitton, 170 Minn. 29, 211 N. W. 964. Upon similar grounds, the conclusion that representa-

tions that corporate stock is nonassessable are of fact rather than law and so actionable was reached in Browne v. San Gabriel R. R. Co. 22 Cal. App. 682, 136 P. 542; Merchants R. & I. Co. v. Kelso, 46 Cal. App. 218, 189 P. 116; Van Slochem v. Villard, 207 N. Y. 587, 101 N. E. 467; Windram v. French, 151 Mass. 547, 24 N. E. 914, 8 L. R. A. 750; and Coolidge v. Rhodes, 199 Ill. 24, 64 N. E. 1074. In Guaranty Mtg. Co. v. Ellison, 66 Utah, 1, 239 P. 29, it was held that the representation that a corporation was organized under the banking laws of the state was one of fact. So in Maine v. Midland Inv. Co. 132 Iowa, 272, 278, 109 N. W. 801, a representation that "the corporation was fully and legally organized" was considered one of fact. In both cases the misrepresentation was as to status under applicable law. Such status is matter of fact although the law is involved secondarily. In these cases "the facts were unknown, and a statement of the conclusion imported a statement that facts existed which justified it, just as when a man states that he owns a thing, or that two persons are husband and wife, or that goods are attached, or that a pauper has a settlement in a certain place." Windram v. French, 151 Mass. 547, 551, 24 N. E. 914, 8 L. R. A. 750.

One is not shielded by reason of his ignorance of law from the consequences of his own illegal action. But the maxim that ignorance of the law excuses no one was not intended, and ought not to be used, to enable a wilful wrongdoer to protect himself from the consequences of his act because of his victim's ignorance of law. To use the maxim to that end is a perversion of it. It is for such reasons that I am unable to agree with the majority view.