[Civ. No. 10494. Second Appellate District, Division Two.—June 15, 1936.]

M. F. GEORGE, Appellant, v. FRANK SIMPSON, Sr., Respondent.

Clyde C. Triplett for Appellant.

Frank M. Bering for Respondent.

CRAIL, P. J.—This is an appeal from a judgment against the plaintiff and in favor of the defendant Frank Simpson, Sr., after an order sustaining a demurrer to plaintiff's amended complaint without leave to amend and after an order denying permission to the plaintiff to file a second amended complaint. The appeal presents two questions: (1) Does the amended complaint state a cause of action against Frank Simpson, Sr.? (2) Did the trial court abuse its discretion in refusing to permit plaintiff to further amend?

It is alleged in the amended complaint:

(a) That at all times therein mentioned the defendant Frank Simpson, Sr., was the owner of a certain hotel building in Los Angeles known as the Hotel Savoy; that on June 23, 1924, the defendant Frank Simpson, Jr., purchased all the furniture located in said hotel building and entered into a lease with Frank Simpson, Sr., under the terms of which he took possession of the building for the purpose of operating a hotel business, and thereafter until September 19, 1934, continued to operate and conduct said business; that on the 23d of June, 1924, the plaintiff and Frank Simpson, Jr., entered into a contract in writing by which the plaintiff agreed to act as manager of said hotel and by which the said Simpson, Jr., agreed to pay to plaintiff for his services as such the sum

of $350 per month as salary, and also by said instrument assigned to plaintiff an undivided one-tenth interest in the proceeds from the operation of said business and an undivided one-tenth interest in the furniture and in the lease, and that the plaintiff acted as manager of said hotel business until July 31, 1934, when such employment was terminated by Simpson, Jr.; that during all of said time the defendant Simpson, Jr., was in possession of said Hotel Savoy and that during all of said time the said Simpson, Jr., conducted a hotel business on said premises and in connection therewith constantly advised and collaborated with the defendant Simpson, Sr., and that defendant Simpson, Sr., during all of said time was and now is familiar with all matters and things connected with said business and the carrying on and conducting of the same; that during all of said time the defendant Simpson, Jr., with the consent and permission of plaintiff has retained in his possession and under his management and control all of the said furniture, including the interest of the plaintiff therein.

(b) That during all of said time there has existed between the plaintiff and *defendants* a relationship of trust and confidence; all receipts and expenditures in connection with the operation of said hotel have been in the exclusive custody and control of defendants and during all of said time plaintiff had no accounting for the same nor knowledge of the amount or disposition of same, and the plaintiff has not had access to the books of account thereof nor information as to the contents thereof; that even the possession of the lease has always been with the defendants, and plaintiff has never seen the same and is not familiar with the contents thereof; that plaintiff does not know and has never known the amount of the proceeds from the operation of said hotel, nor the nature and extent of the debts incurred in connection with the operation of the business, if any, but, on the contrary, *plaintiff has intrusted his interests in the leasehold estate and his interest in the proceeds to the sole care, custody and management of the defendants* and has in connection therewith wholly relied upon the honesty and integrity of the defendants *and said defendants have managed and controlled the same without any control by the plaintiff* and with plaintiff's full confidence and trust.

(c) That there was due and unpaid on his salary at the end of July, 1934, the sum of $5,710.

(d) That on or about the 27th day of July, 1934, the defendants Frank Simpson, Sr., and Frank Simpson, Jr., conspired between themselves to obtain, by means of false representations of certain facts and by concealment and suppression of other facts as hereinafter alleged, a release and an assignment from the plaintiff whereby the plaintiff would transfer and convey without consideration all his interest in said furniture and would waive all sums which might be due him under the provisions of the said contract, and the said defendants further conspired to sell the furniture and business of said hotel to one Howard Scott without revealing such fact to plaintiff and to appropriate to themselves all of the proceeds of the said sale.

(e) That the defendant Frank Simpson, Jr., pursuant to such conspiracy, as a part thereof and with the knowledge of *and as the agent of Frank Simpson, Sr.,* did on the 27th day of July, 1934, state and represent to the plaintiff that all the furniture in said hotel had been forfeited for the nonpayment of indebtedness and that all the interest of the defendant Frank Simpson, Jr., and this plaintiff had been forever lost and dissipated; that Frank Simpson, Sr., the lessor, had canceled the lease and was taking the hotel over and represented to the plaintiff that unless the plaintiff execute an assignment transferring all his interest to the said Frank Simpson, Sr., that the plaintiff might be held liable for a large sum of money owing from Frank Simpson, Jr., to Frank Simpson, Sr., on account of rent for said hotel building and on account of alleged advances made by the said Frank Simpson, Sr., to the said Frank Simpson, Jr., for the purpose of operating said hotel and that in such event the plaintiff would lose such other property as he personally owned.

(f) That all of such representations were then and there false and untrue and were known by the defendants to be false and untrue and were made with the intent on the part of Frank Simpson, Sr., and Frank Simpson, Jr., for the purpose of deceiving the plaintiff and inducing him to relinquish and assign all his rights and interests under the provisions of the said contract and all his interest in the furniture and business of said hotel, and with the intent on the part of said defendants of defrauding the plaintiff out of his interest therein; that

plaintiff had no knowledge of the falsity of such statements and had no access to any information or source of information which would have enabled plaintiff to have discovered such falsity; that plaintiff trusted and relied upon the defendants in all matters concerning the management and control of said hotel and plaintiff believed such statements to be true and relied upon the same and because of the same consented to and did execute two certain agreements which were then personally prepared by the said Frank Simpson, Jr., and which agreements are attached and made a part of the amended complaint and designated exhibits 1 and 2 respectively, whereby plaintiff assigned all his interest in the business and furniture to Frank Simpson, Sr., and whereby plaintiff released the said Frank Simpson, Jr., from all indebtedness which might be owing from Frank Simpson, Jr., to plaintiff.

(g) That in truth and in fact at the time of the making of said representations to the plaintiff defendants had already contracted to sell the furniture in said hotel and the business, and did actually sell the same to one Howard Scott for the sum of $40,000; that defendants did not nor did either of them reveal such fact to the plaintiff prior to his execution of said exhibits, but on the contrary purposely concealed such fact from the plaintiff and plaintiff did not learn of the same until after said exhibits had been executed and until after the said sale to Howard Scott had been completed; that had plaintiff had knowledge of such agreement to sell said property for $40,000, plaintiff would not have executed said exhibits, which fact defendants well knew, and knowledge of such sale was by defendants purposely suppressed and withheld from plaintiff to assist the carrying out of the purpose of said conspiracy, to wit, to obtain without consideration a transfer and assignment of all plaintiff's interest in said property and to obtain without consideration a waiver of all back salary due the plaintiff under the terms and provisions of said agreement of June 23, 1924. The prayer was for judgment canceling the exhibits 1 and 2 and for an accounting and that the plaintiff be declared to be the owner of an undivided one-tenth interest as aforesaid and that his said interest be quieted against Frank Simpson, Sr., and for other relief.

We turn to the defendant's brief to find out in what respects the above allegations fail to state a cause of action

and we find the following: "Nowhere in the amended complaint is any reference made or any allegation of fact that Frank Simpson, Sr., handled any property or had any relationship with plaintiff and appellant. . . . Nowhere in the complaint is there any allegation that any fiduciary relationship existed between appellant and respondent Frank Simpson, Sr." It is sufficient to say with regard to this alleged defect that there is no merit in defendant's contention. No elaboration is necessary. The amended complaint speaks for itself. See paragraph (b) above.

The defendant next contends that the so-called false representations are nothing more than expressions of opinions of law. Among the alleged false representations are the following: (1) That the defendants stated to the plaintiff that all the furniture in the hotel had been forfeited for the nonpayment of indebtedness and that all the interest of Frank Simpson, Jr., and this plaintiff had forever been lost and dissipated; (2) that Frank Simpson, Sr., the lessor, had canceled the lease. (See paragraph (e) above.) Defendant says: "Respondent submits that those allegations are nothing more than expressions of opinions of law . . . and the courts have repeatedly held that an expression of opinion of law erroneously stated is not such a misrepresentation as to predicate a judgment of relief in fraud; particularly it is true where no fiduciary relationship existed." And he relies upon the case of *McCarter* v. *Zeller*, 35 Cal. App. 593 [170 Pac. 636]. The answer is that these representations are representations of existing facts and past events and not mere opinions of law. But assuming momentarily that they are expressions of opinions of law, then there is a full and complete allegation of a confidential relationship existing between the plaintiff and the defendants.

In this connection the defendant says, "Plaintiff tries to create a confidential relationship between appellant and respondent Frank Simpson, Sr., by alleging that he had the greatest confidence in him, yet the courts of this state have decided that facts alone establish a confidential relationship and that any statement that one existed without any justification therefor does not create such a relationship." And the defendant relies upon the following quotation from *Robbins* v. *Law*, 48 Cal. App. 555, at 561 [192 Pac. 118]: "The mere statement in the complaint that the plaintiff had the greatest

confidence in and relied upon the defendant is not a sufficient statement of facts to show a confidential relationship. The facts must be alleged from which the court can see that a confidential relation does in fact exist . . . '' It is sufficient to say that the amended complaint herein does not confine itself to a mere statement of confidence in defendant but in addition thereto sets forth the facts which show a confidential relationship.

Our decision on the first question makes it unnecessary to decide whether the trial court abused its discretion in denying plaintiff's application to amend. We might add, however, that the circumstances are few indeed where a plaintiff should not be permitted to amend his complaint upon the sustaining of a demurrer if he desires to do so, and this is the rule of the courts to the end that cases may be tried upon the merits.

Judgment reversed.

Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 13, 1936.